FREDERICK J. TAMMARO & another *vs.* CARL F. COLARUSSO, individually and as trustee, & another.

Bristol. November 5, 1980. — December 18, 1980.

Present: GRANT, CUTTER, & NOLAN, JJ.

*Practice, Civil,* Appeal, Assembly of record, Counsel fees. *Rules of Appellate Procedure,* Assembly of record, Dismissal of appeal.

Where there was evidence at a hearing on a motion to dismiss an appeal that the appellants' counsel had not ordered the transcript of the trial within the time required by Mass.R.A.P. 8(b), as then in effect; that, after an extension had been granted by the court, the attorney notified the clerk that the transcript had been ordered even though he had not made satisfactory arrangements with the reporter for payment; and that an advance payment, as requested by the reporter, was sent only after appellants' counsel had received notice of the appellees' motion to dismiss for the appellants' failure to make arrangements for the preparation of the transcript, the judge did not err in dismissing the appeal under the provisions of Mass.R.A.P. 10(c) [45-47]; in the circumstances, the dismissal was not precluded by the last sentence of rule 10(c), as in effect on July 1, 1979 [48].

This court was not required to sustain an order entered in the Superior Court dismissing an appeal under Mass.R.A.P. 10(c), even though there was no error, but was authorized by Mass.R.A.P. 3(a) to exercise its independent judgment as to the appropriate action to be taken in the circumstances. [48-49]

Where there was nothing in the record of proceedings on a motion to dismiss an appeal under Mass.R.A.P. 10(c) to suggest that the appellees had been prejudiced by the appellants' delay in arranging for the preparation of the trial transcript, this court, acting pursuant to Mass.R.A.P. 3(a), ordered that the dismissal of the appeal was to be vacated if the appellants, prior to the issuance of a rescript on this opinion, paid the appellees their counsel fees on this appeal in the amount of $500. [49]

CIVIL ACTION commenced in the Superior Court on April 25, 1975.

A motion to dismiss an appeal was heard by *Clancy*, J., a District Court judge sitting under statutory authority.

*Richard L. Wainwright* for the defendants.

*Ronald E. Harding* for the plaintiffs.

GRANT, J. The appeal now before us is from an order entered in the Superior Court dismissing the appeal which three of the defendants (defendants) had claimed from judgments for damages entered against them in that court. The papers reproduced in the record appendix yield no clue as to the nature of the action; they do disclose the following facts material to the present appeal.

The notice of appeal from the judgments was timely filed on May 8, 1979. On the following day the clerk of the courts sent copies of the notice of appeal to all parties, together with a written notice of the filing of the appeal in which he requested counsel for the defendants (counsel) to advise him within the next ten days whether any transcript of the trial would be filed and, if so, whether counsel had ordered the court reporter (reporter) to prepare the transcript. That notice contained specific references to Mass.R.A.P. 8 and 9(c), as then in effect, 365 Mass. 849, 852 (1974).[1] Counsel ignored the notice until May 23, when he filed a motion to enlarge the time for the assembly of the record until ten days after the filing of the transcript. Counsel knew when he filed that motion that he had not ordered the transcript within ten days after filing the notice of appeal, as required by Mass.R.A.P. 8(b), as then in effect, 365 Mass. 850 (1974). The motion was immediately denied ex parte by the judge to whom it was presented (not the trial judge), who allowed counsel until June 2 to comply with the clerk's request of May 9.

On May 24, sixteen days late, counsel wrote the reporter, ordering him to prepare the transcript and requesting that he forward the same, "together with your bill for services and expenses." On the following day the reporter, exercis-

---

[1] The amendment of Mass.R.A.P. 8(a) which took effect as of February 24, 1975, 367 Mass. 919, is not here material.

ing his prerogative under the last sentence of Mass.R.A.P. 8(b) as then in effect, 365 Mass. 850 (1974),[2] requested counsel to advance $350 against the cost of the transcript.[3] Counsel ignored the request, and the reporter continued to work on other transcripts for which he had received payments in advance.

On May 31 counsel wrote the clerk advising him that "the transcript has been ordered." That was a half truth at best because counsel knew full well that he had not made any arrangement with the reporter under then rule 8(b).[4] On June 1 counsel prevailed upon the judge who had entered the ten-day order of May 23 to reconsider and allow the motion to enlarge the time for the assembly of the record until ten days after the filing of the transcript.[5] Some time in the latter part of June the reporter telephoned counsel's office and left a message that he had not yet received any advance against the transcript.

Matters drifted until September 12, when counsel received notice of a motion by the plaintiffs to dismiss the appeal for the defendants' failure to make "arrangements . . . with the stenographer for the preparation of the transcript." Counsel finally sent the reporter a check for $350. When the motion to dismiss came on for hearing on September 19,

---

[2] "At the time of ordering, a party shall make satisfactory arrangements with the reporter for payment of the cost of the transcript." That sentence now appears in the present Mass.R.A.P. 8(b)(1), 378 Mass. 932 (1979).

[3] The trial appears to have lasted three days.

[4] The bar should be advised that we are of opinion that the act of filing a certificate under the present Mass.R.A.P. 9(c)(2)(ii), as appearing in 378 Mass. 936 (1979), to the effect that an appellant has ordered a transcript constitutes a representation by the appellant either that he has made a satisfactory arrangement with the reporter under the last sentence of the present Mass.R.A.P. 8(b)(1), as appearing in 378 Mass. 932 (1979), or that such an arrangement will be made promptly. The appellant should promptly submit to the court for its determination any dispute as to what should be "satisfactory" in the circumstances.

[5] We have difficulty believing that the judge was advised that counsel was in default with the reporter.

it was allowed by a District Court judge sitting under statutory authority. Reconsideration of the order of dismissal was denied on October 19. The notice of the present appeal was filed on the same day, which was the last day permitted under Mass.R.A.P. 4(a), as appearing in 378 Mass. 928 (1979).

There is no transcript of the hearing on the motion to dismiss, nor is there any statement of the proceedings on the motion such as is permitted under Mass.R.A.P. 8(c), as appearing in 378 Mass. 932 (1979). We have no idea whether the judge was advised of the nature of the underlying action or whether there might be any merit to the appeal.[6] See *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 140 (1978). The delay was attributable solely to neglect on the part of counsel for the appellants. Compare *Ingersoll Grove Nursing Home, Inc.* v. *Springfield Gas Light Co.*, 7 Mass. App. Ct. 864, 865 (1979); *Dorrance* v. *Zoning Bd. of Appeal of No. Attleborough*, 7 Mass. App. Ct. 932, 933 (1979). Contrast *Gilmore* v. *Gilmore*, 369 Mass. 598, 602, 603 (1976); *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 273-274 (1978); *Maurice Callahan & Sons* v. *Outdoor Advertising Bd.*, 376 Mass. 135, 137 (1978). We concur in the finding implicit in the judge's ruling that the neglect had been "inexcusable"[7] within the meaning of Mass.R.A.P. 10(c), as amended effective July 1, 1979, 378 Mass. 938.[8]

---

[6] The affidavit submitted in support of the motion for reconsideration refers to a statement of Massachusetts law which appears in the majority opinion in *James Stewart & Co.* v. *National Shawmut Bank*, 75 F.2d 148, 149 (1st Cir.), cert. denied, 294 U.S. 722 (1935). We have no idea whether that statement (if correct in the abstract) has any application to the facts of the instant case.

[7] We think it desirable, and in the future we may require, that a judge who allows a motion to dismiss under rule 10(c) make an explicit finding of "inexcusable neglect" and set forth the specific facts relied on by him in support of that conclusion. See *Litton Business Tel. Sys., Inc.* v. *Schwartz*, 9 Mass. App. Ct. 847 (1980); *Foster from Gloucester, Inc.* v. *City Council of Gloucester*, 10 Mass. App. Ct. 284, 293-296 (1980); *Commonwealth* v. *Bolduc*, 10 Mass. App. Ct. 634, 637 n.9 (1980).

[8] The only excuse for the delay in paying the reporter appears in the affidavit filed by counsel in support of his motion for reconsideration of the

Counsel now points to the fact that he had paid the reporter prior to the hearing on the motion to dismiss and urges that dismissal was precluded by the last sentence of rule 10(c) in its present form.[9] We think the argument overlooks the half truth which counsel told the clerk on May 31, 1979 ("the transcript has been ordered"), the likelihood that the reporter was prepared to proceed with the transcript when he called counsel's office in the latter part of June, 1979,[10] the fact that counsel had been in default with the reporter for more than a month by the time July 1, 1979, arrived, and the fact that the appeal would have been subject to dismissal at any time during that month under Mass.R.A.P. 8(b) and 9(c), as then in effect (365 Mass. 850, 852 [1974]), and 10(c), as then in effect (367 Mass. 919 [1975]). The principal purpose of the amendments of the Massachusetts Rules of Appellate Procedure which went into effect on July 1, 1979, was to extend the application of those rules to appeals in criminal cases. We see nothing in Transitional Rule 1B, 378 Mass. 926 (1979), which was intended to excuse or cure existing defaults under the prior rules and conclude that the judge below continued to have the authority to dismiss the appeal when he acted on September 19, 1979.[11]

It is clear, however, that we are not required to sustain the dismissal of the appeal. The second sentence of Mass.R.A.P. 3(a), 365 Mass. 845 (1974), provides: "Failure

order dismissing the appeal, where it was said: "During the summer months of 1979, I was preparing and filing three other [a]ppeals with the Appeals Court and the Supreme Judicial Court. During those three months I received no communication, either in writing or orally, from the attorney for the plaintiffs in this case." The second sentence of the foregoing displays a basic misunderstanding of who has the burden of supplying the clerk with the papers necessary to the assembly of the record on appeal.

[9] "If, prior to the lower court's hearing . . . [a] motion [to dismiss], the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely."

[10] The transcript was ultimately filed with the clerk on January 4, 1980.

[11] We think a false certificate as to whether a satisfactory arrangement has been made with the reporter (see note 4, supra) can now be attacked under the present Mass.R.A.P. 9(c)(2)(ii) and 10(c), 378 Mass. 936, 938 (1979).

of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal." The significance of the quoted provision is that we are authorized to exercise our own independent judgment as to what is "appropriate" in the circumstances of a given case, even though we may conclude that the lower court did not err as matter of law in dismissing an appeal. See *Gilmore* v. *Gilmore*, 369 Mass. at 602-603; *Vyskocil* v. *Vyskocil*, 376 Mass. at 139-140 & n.3. Our only hesitance to affirm the order dismissing the appeal in the present case arises from the fact that there is nothing in the record before us to show (or even suggest) that the plaintiffs have been prejudiced by the delay, except to the extent that they have necessarily incurred counsel fees on this appeal. Contrast *Gammill Co.* v. *Asher*, 423 F.2d 627, 628 (5th Cir. 1970); *Pyramid Mobile Homes, Inc.* v. *Speake*, 531 F.2d 743, 744-746 (5th Cir. 1976). See generally 9 Moore's Federal Practice par. 203.12 (2d ed. 1980). With that factor in mind, we conclude that the following order is appropriate in the circumstances of this case.[12]

If 'the defendants' counsel shall, prior to the issuance of our rescript, pay the plaintiffs their counsel fees on this appeal in the amount of $500, the order dismissing the appeal from the judgments is to be vacated and the clerk is to assemble the record on that appeal; if such payment is not made by that time, the order dismissing the appeal is to stand; in either event, the plaintiffs are to have their costs on this appeal.

*So ordered.*

---

[12] See Mass.R.A.P. 2 and 3(a), 365 Mass. 845 (1974).