POINTS EAST, INC. vs. CITY COUNCIL OF GLOUCESTER;
BARBARA J. SCHLICTE & others, interveners.

Essex. April 19, 1983. — May 5, 1983.

Present: HALE, C.J., ARMSTRONG, & KASS, JJ.

*Practice, Civil,* Appeal. *Rules of Appellate Procedure,* Dismissal of appeal.

The judge in a civil action did not abuse his discretion in allowing the plaintiff's motion to dismiss an appeal from the judgment by the interveners, who had failed to order a transcript either within ten days after filing the notice of appeal or before the hearing on the motion to dismiss the appeal and who had given the appellee no notice of an intent to rely on an agreed statement of the case as the record on appeal. [723-726]

CIVIL ACTION commenced in the Superior Court Department on April 23, 1979.

A motion to dismiss an appeal was heard by *Brady*, J.

*Mary P. Harrington (James T. Ronan* with her) for the plaintiff.

*Robert P. Laramee,* for Barbara J. Schlicte & others, interveners, submitted a brief.

KASS, J. Contrary to the case in *Gilmore* v. *Gilmore*, 369 Mass. 598, 603 (1976), and in *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 273-274 (1978), the appellee here, Points East, Inc., has, in support of its motion to dismiss the appeal, cited precisely the action under the Rules of Appellate Procedure which the appellant has failed to take. The failure was under Mass.R.A.P. 8(b)(1), as appearing in 378 Mass. 932 (1979), which commands that, "Within ten days after filing the notice of appeal the appellant shall order from the court reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record."

Acting on a motion brought under Mass.R.A.P. 10(c),[1] as appearing in 378 Mass. 938 (1979), a judge of the Superior Court dismissed the appeal. Rule 10(c) authorizes the judge of a lower court to dismiss an appeal, in circumstances discussed below, for failure to comply with Mass.R.A.P. 9(c), 378 Mass. at 935, and Mass.R.A.P. 10(a)(1) or (3), 378 Mass. at 937. Rule 9(c)(1) requires that an appellant "shall forthwith perform any act reasonably necessary to enable the clerk to assemble the record." See *Tammaro* v. *Colarusso*, 11 Mass. App. Ct. 44, 48 (1980). No memorandum accompanied allowance of the appellee's motion, so at that stage of the proceedings we are left to infer that the motion judge made a "finding of inexcusable neglect" under rule 10(c). Thirteen days later the judge, in the course of a further memorandum and order in the case, noted that he had found "no excuse for their [the appellants'] failure to order the transcript," but did not explicate his conclusion. See *Tammaro* v. *Colarusso*, 11 Mass. App. Ct. at 47 n.7, in which we said: "We think it desirable, and in the future we may require, that a judge who allows a motion to dismiss under rule 10(c) make an explicit finding of 'inexcusable neglect' and set forth the specific facts relied on by him in support of that conclusion." It is appropriate to reiterate the utility, in cases such as these, of some statement, however concise, of the specific facts which led to the finding that the neglect was inexcusable.

Only the interveners had appealed from the underlying judgment, which was in favor of the plaintiff, Points East, Inc., and directed against the defendant, city council of Gloucester. It follows, therefore, that only the interveners press this appeal from the dismissal of their appeal. The city council has not been involved in the case since the entry

---

[1] Rule 10(c) reads as follows: "If any appellant in a civil case shall fail to comply with Rule 9(c) or Rule 10(a)(1) or (3), the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect; otherwise, the court shall enlarge the appellant's time for taking the required action. If, prior to the lower court's hearing such motion, the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely."

of judgment, a fact the Superior Court judge was entitled to take into account.

In recognition of the severity and finality of a dismissal of an appeal, the decisional law has tempered justice with mercy and accorded to appellants considerable leeway in repairing the consequences of their procedural errors. See *Gilmore* v. *Gilmore,* 369 Mass. at 602-603; *Superintendent of Worcester State Hosp.* v. *Hagberg,* 374 Mass. at 273-274; *Vyskocil* v. *Vyskocil,* 376 Mass. 137, 140 (1978); *Mailer* v. *Mailer,* 387 Mass. 401, 407-408 (1982); *Tammaro* v. *Colarusso,* 11 Mass. App. Ct. at 48-49. Contrast *Dorrance* v. *Zoning Bd. of Appeal of No. Attleborough,* 7 Mass. App. Ct. 932, 933 (1979) (dismissal appropriate in circumstances where appellant failed to take action expected of him and delays were not attributable to "misfiring in other parts of the appellate machinery").

The policy of enabling appeals to be put back on the rails was supported in amendments to the Rules of Appellate Procedure which became effective July 1, 1979. In substitution for a sentence in rule 10(c) that permitted motions to dismiss for failure to comply with rule 9(c), a sentence was inserted that a lower court may, upon motion, dismiss an appeal for failure to comply with rule 9(c) or rule 10(a)(1) or (3), "but only upon a finding of inexcusable neglect; otherwise the court shall enlarge the appellant's time for taking the required action." There was also added a sentence reading, "If, prior to the lower court's hearing such motion, the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely."

In the instant case it would have been a simple matter for the appellants to have cured their noncompliance by ordering a transcript, or, if they intended to raise no issues requiring a transcript of the evidence, to say so. See Mass.R.A. P. 8(b)(1), 378 Mass. at 932. In exoneration of their failure to order a transcript as required by rule 8(b)(1), the appellants explained that they had proposed to prepare and sign, conformably with Mass.R.A.P. 8(d), 378 Mass. 934 (1979), an agreed statement of the case which would be the record

on appeal. The appellants did not manage to share this grand design with the appellee — a necessary party to it — until the time of the hearing on the motion to dismiss the appeal and the lower court judge could be forgiven for concluding that the explanation had a strong flavor of afterthought. But, the appellants argue, rule 8(d) allows thirty days after the notice of appeal to file an agreed statement as the record on appeal and until that period has run, a failure to comply with the ten-day requirement of rule 8(b) is no failure at all. The flaw with that logic is that it would permit an appellant unilaterally to delay the progress of an appeal, i.e., without communicating with the appellee or seeking enlargement under Mass.R.A.P. 14(b), as amended by 378 Mass. 939 (1979), of time requirements imposed by the rules. Rule 8(d) does not suspend other time requirements; it provides an alternate track to parties who agree to follow it. That misapprehension by the appellants was not excusable neglect, a concept which "does not embrace '[a] flat mistake of counsel about the meaning of a statute or rule.'" *Mailer* v. *Mailer*, 387 Mass. at 406, quoting *Goldstein* v. *Barron*, 382 Mass. 181, 186 (1980).

We take the 1979 amendment to the rules permitting cure of a rules infraction at any time prior to hearing on a motion to dismiss as designed to blunt the bite of the rules so as to prevent them from inflicting fatal wounds for procedural missteps, but not to pull the teeth altogether. In light of the appellants' failure to comply with the requirement to order a transcript within ten days after filing the notice of appeal and their subsequent failure to cure prior to the hearing on the motion to dismiss, we think the Superior Court judge could, within the exercise of his discretion, having found inexcusable neglect, dismiss the appeal. When a neglectful appellant does not avail himself of the rescue apparatus in the last sentence of rule 10(c), we need not speculate whether the appellee has suffered prejudice by reason of the rules infraction. Compare *Tammaro* v. *Colarusso*, 11

Mass. App. Ct. at 49.[2] This is scarcely draconian. All litigants are better served if the time in which certain actions are required has some meaning. Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings. When an appellant files a notice of appeal he must treat that step as something more than taking out an option to appeal. *Taylor* v. *S. & D. Enterprises, Ltd.*, 601 F.2d 175, 176 (5th Cir. 1979).

On the gravity scale, the delay caused by the appellants' lapse was minor (in fair measure because of the swiftness of the appellee's reaction). While that is something for a lower court acting under rule 10(c) to take into account, it does not deprive it of the discretionary power conferred by the rule, a power to be exercised in part on the basis of what the judge knows about the nature of the underlying action and the merits of the appeal. See *Vyskocil* v. *Vyskocil*, 376 Mass. at 140; *Tammaro* v. *Colarusso*, 11 Mass. App. Ct. at 46.[3]

*Order dismissing appeal affirmed.*

---

[2] In that case, it is worth noting, the appellants cured their failure under the rules prior to the hearing on dismissal.

[3] The appellants say in their brief that they ordered the transcript immediately after the hearing on the motion to dismiss. We find no support for that contention in the record, but do not think it would alter our opinion had that fact been established.