STANLEY U. ROBINSON, THIRD *vs.* PLANNING BOARD OF WAYLAND & others (and a companion case). December 2, 1986. *Practice, Civil,* Appeal, Dismissal of appeal, Record.

Although the underlying controversy among the parties involves a subdivision of land, this appeal presents questions of procedure under Mass. R.A.P. 8, 9 and 10, as appearing in 378 Mass. 932-938 (1979). After the defendants' motions under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), were allowed and judgments were entered, the plaintiff timely filed a notice of appeal. However, after the record was assembled and the parties were so notified, see rule 9(d), 378 Mass. at 936, the plaintiff failed to comply with rule 10(a)(1), 378 Mass. at 937, that is, he failed to cause his appeal to be entered upon the docket of this court "[w]ithin ten days after receiving from the clerk of the lower court notice of assembly of the record." Acting upon motions brought by the defendants under rule 10(c), 378 Mass. at 938, a Superior Court judge dismissed the appeal. The plaintiff here appeals from those orders as well as from an order denying a motion by which he sought to keep his first appeal on track. We affirm the orders.

The plaintiff's notice of appeal from the judgments in the underlying controversy carries the following typewritten message across the bottom of the page: "PLEASE NOTE: The Court's files herein are believed to be incomplete. This is a matter of utmost seriousness to plaintiff. Please do not attempt to reconstitute the files unilaterally." The plaintiff offered no clue at this time as to what, if anything, was in fact amiss, nor did he seek to avail himself of the remedy for his alleged problem provided by rule 8(e), as appearing in 378 Mass. at 934. Rather, he chose to wait until three days after the expiration of the ten-day period set out in rule 10(a)(1) before taking action.

In his motion to set aside notice of assembly of record, to correct the record, and to enlarge time for docketing, the plaintiff alleged that the record was incomplete, that he had so advised the clerk at the time he had filed his notice of appeal, that he "stood ready to cooperate" with the clerk in assembling the record, but that the clerk had never requested assistance from him. He identified, for the first time, the missing materials as two counter affidavits filed by him in opposition to the defendants' motions for summary judgments. The plaintiff, by way of affidavit attached to the present motion, described the missing counter affidavits with particularity.

Before the date scheduled by the plaintiff for hearing on his motion, the defendants filed motions to dismiss the appeal, citing the plaintiff's failure to docket his appeal timely and to comply with rules 8(b)(1) and (3), 8(c), and 8(d), as appearing in 378 Mass. 932-934 (1979), and inserted by 388 Mass. 1106 (1983).[1]

---

[1] As the plaintiff's notice of appeal was from summary judgments, the defendants' assertion of the plaintiff's noncompliance with rules 8(b)(1) and (3), 8(c) and 8(d) as grounds for dismissal of the appeal are without merit. See *Doten* v. *Doten*, 395 Mass. 135, 138-139 (1985), and cases therein cited.

The judge heard the motions together (by assent of the parties), denied the plaintiff's motion, and allowed those of the defendants.

1. If the record as assembled was incomplete, any deficiency was known to the plaintiff when he filed his notice of appeal. This fact is apparent from the notice of appeal itself as well as from the plaintiff's motion seeking, belatedly, to rectify the situation of his making. If the counter affidavits were missing, the plaintiff had ample opportunity to correct the record under rule 8(e), 378 Mass. 934 (1979). Instead, the plaintiff chose to do nothing unless called upon by the clerk to take action.

This choice was based upon the plaintiff's misunderstanding of that part of rule 9(c)(1), 378 Mass. 936 (1979), which reads: ". . . [U]pon request by the clerk . . . the appellant shall forthwith perform any act reasonably necessary to enable the clerk to assemble the record . . ." It is, however, an appellant's duty to expedite an appeal. See *Mailer* v. *Mailer,* 387 Mass. 401, 407 (1982); *Doten* v. *Doten,* 395 Mass. 135, 140 (1985); *Hawkins* v. *Hawkins,* 397 Mass. 401, 408 (1986). We think it clear from these cases and from the Massachusetts Rules of Appellate Procedure that an appellant's obligation to expedite an appeal comprehends three types of act: (1) those which an appellant is expressly mandated by rule to perform (by way of incomplete example, see rule 8[b] and rule 9[c][2]); those which a clerk requests under rule 9(c)(1); and (3) those which are necessary to move the appeal along and which the appellant is capable of performing, irrespective of an express mandate or a request by the clerk. It is not the least bit unreasonable or burdensome to expect an appellant to act timely under rule 8(e) and cure a record deficiency known to him.

2. We see no error in the dismissal of the plaintiff's appeal from the summary judgments. The present appeal is before us in the same posture as was *Tammaro* v. *Colarusso,* 11 Mass. App. Ct. 44, 47 & n.7 (1980), that is, "[t]here is no transcript of the hearing on the motion[s] to dismiss, nor is there any statement of the proceedings on the motion[s] such as is permitted under Mass.R.A.P. 8(c), as appearing in 378 Mass. 932 (1979)." Even if we assume that the judge was able to glean from the papers before him the nature of the underlying action, there is nothing to indicate that he was advised of the merits, if any, of the appeal. The plaintiff has made no argument whatsoever before us concerning the merits of the appeal he seeks to pursue. See *Vyskocil* v. *Vyskocil,* 376 Mass. 137, 140 (1978); *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 (1975). Although the judge made no finding of "inexcusable neglect," see Mass. R.A.P. 10(c), 378 Mass. 938 (1979), we think such a finding implicit in the judge's ruling on the motions, especially in view of the statements set out in the plaintiff's motion and repeated in his brief before us. The plaintiff's misunderstanding of rule 9(c)(1) does not constitute "excusable neglect, a concept which 'does not embrace "[a] flat mistake of counsel about the meaning of a statute or rule."' *Mailer* v. *Mailer,* 387 Mass. at 406,

quoting *Goldstein* v. *Barron,* 382 Mass. 181, 186 (1980)." *Points East, Inc.* v. *City Council of Gloucester,* 15 Mass. App. Ct. 722, 725 (1983).

3. We are aware of our authority under Mass.R.A.P. 3(a), as appearing in 378 Mass. 927 (1979), "to exercise our own independent judgment as to what [action] is 'appropriate' in the circumstances of a given case," *Tammaro* v. *Colarusso,* 11 Mass. App. Ct. at 49, even where we conclude, as here, that the judge did not err in dismissing the appeal. *Ibid.* In view of the facts that: (1) the plaintiff knew of the record deficiency from the outset but took no remedial action until not only after the record had been assembled but also after the time period in which he was to docket his appeal had expired; (2) the plaintiff has made no argument that his appeal, if reinstated, has merit; and (3) the defendants suggest in their brief that they will be prejudiced by further delay (the underlying controversy concerns a subdivision of land upon which houses are to be built), we cannot conclude that it would be appropriate to disturb the judge's orders of dismissal, allow the record to be corrected and supplemented, and permit the plaintiff to docket his appeal. Contrast *Tammaro* v. *Colarusso,* 11 Mass. App. Ct. at 49.

*Orders affirmed.*

*Francis E. Jenney* for the defendants.
*Stanley U. Robinson, III,* pro se, submitted a brief.