JOSEPH MAGUIRE & another[1] *vs.* BOSTON RENT EQUITY BOARD & another.[2] No. 87-509. February 8, 1988. *Rent Control,* Vacancy decontrol. *Boston.*

The plaintiffs, immediately upon their purchase of the vacancy decontrolled housing accommodation in question, demanded of the tenant a twenty-six percent increase in the monthly rent which was intended to take effect on a date which was less than twelve months from the effective date of an earlier increase which the previous landlord had demanded and received from the same tenant. The tenant met the plaintiffs' demand but filed a rent grievance petition with the Boston rent equity board (board), which, after hearing, invalidated the plaintiffs' demand and ordered them to refund all amounts collected by them in excess of the monthly rent the tenant had been paying the previous landlord immediately prior to the plaintiff's purchase of the accommodation. The Boston Housing Court, in de novo proceedings, annulled the decision and order of the board and directed it to enter a new decision which would give effect to the rent increase demanded by the plaintiffs. The board and the tenant appealed.[3] The plaintiffs took a cross appeal, alleging procedural errors in the board's processing of the tenant's petition. They failed to enter their appeal in this court, but we consider by way of dictum the questions they have argued because the views of the panel may be of interest to others. Compare *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943). 1. The substantive question for decision is the proper interpretation of Boston Ord. 1984, c. 34 (Regulating Certain Residential Rents, Evictions, and Conversions), § 6 (Rent Grievances), and those of § 16 (Limited Rent Increases) of the board's 1984 vacancy decontrol rent grievance regulations.[4] Although the ordinance and the regulation are inartfully drawn in terms of a prohibition of a landlord's "receiving" or "demanding" more than one rent increase in any one twelve-month period, we think it too clear for argument that the only reasonable construction of the ordinance and the regulation (see *H. N. Gorin & Leeder Management Co.* v. *Rent Control Bd. of Cambridge,* 18 Mass. App. Ct. 272, 276 [1984]) is that no tenant shall be obliged to suffer more than one increase a year in the rent for the same decontrolled housing accommodation so long as the ordinance remains in effect. See Ord. 1984, c. 34, § 17. Any other construction would nullify one of the stated purposes of § 6 of the ordinance, to "prevent rent gouging" in decontrolled accommodations, and leave a tenant at the mercy of as many different landlords as might succeed to the title to such an accommodation in the course of a year. 2. There is no merit to any of the plaintiffs' procedural contentions. (a) The pro

---

[1] Eileen Maguire, wife of Joseph.

[2] Almut T. Sarkisianz, tenant of the vacancy decontrolled housing accommodation in question.

[3] The tenant's appeal was not perfected.

[4] No question has been raised as to the validity of the ordinance or the regulation.

se tenant's original rent grievance petition was filed with the board within the forty-five day period found in § 6 of the ordinance and § 4 B 1 of the regulations. What happened between the date of filing that petition and the date of filing the tenant's second substitute petition was nothing more than what is expressly contemplated by § 6 (Acceptance by the Board of a Vacancy Decontrolled Grievance Petition [Form G-1]) A (Completeness) of the regulations. The board, in formulating its regulations, had the options of (i) retaining a timely petition which did not contain all the required information and calling on the tenant for further information and (ii) administratively dismissing an incomplete petition without prejudice to the filing within a reasonable time of a new petition containing that information. That the board opted in favor of (ii) is not ground for complaint. (b) There is room for doubt whether § 9 (Hearings) of the regulations contemplates that a hearing be held as well as scheduled during the thirty-day period found in that section. Neither the ordinance nor any of the regulations attaches any consequence to a failure to hold a hearing within thirty days. In view of the fact that § 6 of the ordinance makes express provision for the board's modifying the hearing procedure contemplated by the city council "to serve the public interest," it cannot be said that the thirty-day period is mandatory rather than directory. See *Burwick* v. *Zoning Bd. of Appeals of Worcester*, 1 Mass. App. Ct. 739, 743, 745 (1974), and cases cited. (c) We do not see how the plaintiffs were harmed by the board's and the court's refusals to hold that the plaintiffs' notice of a rent increase should be given effect as of the first day of the month following the expiration of the twelve-month period referred to in § 6 of the ordinance and § 16 of the regulations. That day came and went in this case prior to the date of the hearing before the board. The timing was such that the plaintiffs had it within their power to give the tenant a new and valid notice which could have taken effect as early as April 1, 1985, and which would undoubtedly have obviated the need for most of this litigation. In addition, the meager record before us does not disclose the terms of the tenancy of the housing accommodation, with the result that we have no basis for determining whether the plaintiffs were within their rights in demanding an increase in rent under the law of landlord and tenant. We do know that the letter by which the plaintiffs demanded an increased rent was insufficient to terminate a tenancy at will under G. L. c. 186, § 12 (1984 ed.). 3. The judgment of the Housing Court is reversed, and a new judgment is to be entered which affirms the decision of the board.

*So ordered.*

*Patrick M. Finn (James D. Rose* with him) for Boston Rent Equity Board.
*Herbert S. Lerman* for the plaintiffs.