JONAS ZIEMINSKI *vs.* BERKSHIRE DIVISION OF THE PROBATE AND FAMILY COURT DEPARTMENT & another.[1] December 13, 1990. *Practice, Civil*, Appeal. *Supreme Judicial Court*, Superintendence of inferior courts.

The appellant, Jonas Zieminski, appeals from the denial by a single justice of this court of his complaint for relief pursuant to G. L. c. 211, § 3 (1988 ed.). He argues that the single justice erred in refusing to vacate the

[1]Sheri A. Biasin, the wife of Jonas Zieminski, as intervener.

action of a judge of the Berkshire Division of the Probate and Family Court Department in dismissing three appeals taken by him from judgments and orders in that court. There was no error.

On October 7, 1988, identical judgments of divorce nisi were entered in the Berkshire Division of the Probate and Family Court Department. The judgments granted a divorce to the appellant and his wife, and made orders pertaining to custody, visitation, alimony, child support, property division and attorney's fees. The appellant filed a notice of appeal in connection with one of the two divorce judgments. This appeal was subsequently dismissed by the trial judge on the wife's motion. The appellant filed a notice of appeal from the order allowing the dismissal. Subsequently, the appellant was found in contempt on the wife's complaint for contempt. He filed a notice of appeal from the judgment of contempt. Thereafter, the wife filed a motion to dismiss both the appellant's appeal from the order dismissing his appeal from the divorce judgment and his appeal from the judgment of contempt. That motion was allowed, and a "judgment" entered dismissing both appeals. The appellant next sought relief from the single justice pursuant to G. L. c. 211, § 3, in the form of an order directing "the Berkshire Probate and Family Court to vacate the judgments dismissing his three appeals so that the three appeals may proceed." After hearing, the single justice denied the relief sought.

It is clear from the papers reproduced in the appendix and the supplemental appendices, and from the transcript of the lengthy hearing conducted before the single justice, that the appellant had open to him the right to seek relief in the Appeals Court from the action of the judge dismissing his various appeals. See, e.g., *McCarthy* v. *O'Connor*, 398 Mass. 193 (1986); *Mailer* v. *Mailer*, 387 Mass. 401, 405-408 (1982); *Robinson* v. *Planning Bd. of Wayland*, 23 Mass. App. Ct. 920, 922 (1986); *Tammaro* v. *Colarusso*, 11 Mass. App. Ct. 44, 48-49 (1980). That court (where the various appeals would have been docketed) could have considered and, if appropriate, rectified (by reinstating the appeals) all of the errors claimed by the appellant in the trial judge's action.

The single justice's denial of the appellant's G. L. c. 211, § 3, claim was in accord with our practice of not exercising our extraordinary power under that provision unless appellate review is otherwise unavailable. See *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 335 (1988). We do not overturn decisions of a single justice of this court absent clear error or abuse of discretion. See *Fogarty* v. *Commonwealth*, 406 Mass. 103, 106 (1989). Therefore, relief pursuant to G. L. c. 211, § 3, was not warranted. See *Brown* v. *Chicopee Fire Fighters Ass'n Local 1710, ante* 1003 (1990); *Hahn, supra* at 335.

*Judgment affirmed.*

*Alma R. Arlos* for the plaintiff.
*John R. Gobel* for the intervener.