SUSAN M. CATALANO & another[1] *vs.* FIRST ESSEX SAVINGS
BANK & another.[2]

No. 93-P-1564.

Essex. June 9, 1994. - September 30, 1994.

Present: BROWN, FINE, & PORADA, JJ.

*Negligence*, Emotional distress. *Employment*, Resignation. *Emotional Distress. Workers' Compensation Act*, Emotional distress, Injuries to which act applies. *Unlawful Interference. Practice, Civil*, Appeal, Dismissal of appeal, Judgment.

The provisions of G. L. c. 152, § 1 (7A), as amended through St. 1985, c. 572, § 11, and St. 1986, c. 662, § 6, do not demonstrate an intent by the Legislature to preserve a civil action for claims based on negligent infliction of emotional distress that arise from bona fide employment personnel action in the workplace, nor an intent to eliminate such claims under the Workers' Compensation Act that did not arise from a bona fide personnel action. [378-381]

A civil claim alleging negligent infliction of emotional distress against an employer arising out of a campaign of harassment by the plaintiff's co-employee was properly dismissed under the exclusivity clause of the Workers' Compensation Act, G. L. c. 152, § 24 [381], and the plaintiff's claim against the fellow employee for intentional interference with an advantageous relationship was similarly barred [381-382].

Plaintiffs, who failed timely to appeal to the full bench of the Appeals Court from the dismissal of their appeal in the trial court for failure to prosecute, could not "reactivate" their appeal by filing a second motion for entry of judgment in the trial court; their "appeal" from the denial of that motion was not properly before this court. [382-384]

CIVIL ACTION commenced in the Superior Court Department on December 21, 1989.

A motion to dismiss was heard by *John T. Ronan*, J.; motions by the plaintiffs for entry of final judgment and by the defendants to dismiss the plaintiffs' appeal were heard by

[1]Anthony Catalano.
[2]James A. Sgroi.

*Isaac Borenstein,* J.; and, after a petition for relief was denied in this court by *Smith,* J., a second motion for entry of final judgment was heard by *Charles M. Grabau,* J.

*Evan T. Lawson* for the plaintiffs.

*Steven M. Cowley* for the defendants.

PORADA, J. The plaintiff Susan M. Catalano filed a complaint in the Superior Court for negligent infliction of emotional distress against her former employer, First Essex Savings Bank (employer), and for intentional interference with an advantageous relationship against her former co-employee, James A. Sgroi. Her husband filed claims against the defendants for loss of consortium based on those torts. The defendants filed a motion to dismiss on the ground that the claims were barred by the exclusivity provisions of the Workers' Compensation Act. G. L. c. 152, § 24, as in effect prior to St. 1991, c. 398, § 43. Citing *Anzalone* v. *Massachusetts Bay Transp. Authy.*, 403 Mass. 119 (1988), the judge allowed the motion. The plaintiffs appeal from the dismissal of their action. The defendants have filed a cross appeal alleging that the appeal is not properly before us. We agree that the appeal should be dismissed for the reasons stated, but express our views on the merits at the urging of counsel because of the alleged uncertainty and confusion that purportedly exists among the members of the bar and public concerning the initiation of legal proceedings involving the claims raised in this appeal. See *Maguire* v. *Boston Rent Equity Bd.*, 25 Mass. App. Ct. 951, 951 (1988).

We address each of the parties' claims of error.

1. *Negligent infliction of emotional distress.* The plaintiffs argue that the claim for negligent infliction of emotional distress is not barred by the exclusivity provisions of the Workers' Compensation Act because injuries incurred by the negligent infliction of emotional distress are not compensable under the Act. They point to those provisions of G. L. c. 152, § 1(7A), as amended through St. 1985, c. 572, § 11, and St. 1986, c. 662, § 6, which define personal injury as follows: "Personal injuries shall include mental or emotional disabilities only where a significant contributing cause of

such disability is an event or series of events occurring within the employment. No mental or emotional disability arising principally out of a bona fide, personnel action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter." The plaintiffs read this statute to mean that only intentionally inflicted emotional injuries arising out of personnel actions are covered under the act.

Prior to the 1985 and 1986 amendments to G. L. c. 152, § 1(7A), emotional distress arising out of one's employment was recognized as a compensable injury. *Fitzgibbon's Case,* 374 Mass. 633, 637-638 (1978). *Albanese's Case,* 378 Mass. 14, 17 (1979). *Foley* v. *Polaroid Corp.,* 381 Mass. 545, 550 (1980). In *Kelly's Case,* 394 Mass 684 (1985), the Supreme Judicial Court was faced with the issue whether an emotional disability suffered by an employee after she was transferred to another department was a compensable personal injury under the act. In holding that it was, the court stated that it was up to the Legislature "to determine, as a matter of public policy, whether one of the costs of doing business in this Commonwealth shall be the compensation of those few employees who do suffer emotional disability as a result of being laid off or transferred . . . ." *Id.* at 689. In apparent response, the Legislature shortly thereafter enacted those amendments to § 1 (7A), which are the subject of this action. *Robinson's Case,* 416 Mass. 454, 459 (1993). The 1985 amendment simply codified the inclusion of mental and emotional disabilities within the definition of "personal injury" under the act and provided that in order to recover for that type of injury the employee must prove that a significant contributing cause of the disability was an event or events occurring within the employment. *Ibid.* The 1986 amendment provided that if the emotional disability arises out of a bona fide personnel action, it is not compensable unless it is the result of intentional infliction of emotional harm. *Ibid.*

Although the Legislature did not explicitly mention claims for negligent infliction of emotional distress in the enactment

of those amendments, this does not prevent us from giving those amendments a reasonable construction in accord with the framers' probable intent. *Tedford* v. *Massachusetts Hous. Fin. Agency*, 390 Mass. 688, 696 (1984). It is obvious that the Legislature wished to protect the employer from liability under the Act for claims arising out of bona fide personnel actions unless motivated by an intent to inflict emotional distress. In those circumstances, it seems unlikely that the Legislature intended to preserve a civil action for claims based on negligent infliction of emotional distress that arise from a bona fide personnel action. To do so would negate not only the purpose of relieving employers from the financial burdens of such claims, see *Mullen* v. *Ludlow Hosp. Soc.*, 32 Mass. App. Ct. 968, 970 (1992)(it would be a "paradox to eliminate nonintentional infliction of emotional harm . . . as a workers' compensation claim but to allow such a claim through another door as a common law action"), but also negate the intended purpose of the Workers' Compensation Act to provide a uniform, statutory remedy for injured workers, in contrast to a piecemeal, tort-based system, see *Ferriter* v. *Daniel O'Connell's Sons, Inc.*, 381 Mass. 507, 519 (1980). As a result, there is no reason to believe that the Legislature intended to open the door for civil actions based on claims for negligent infliction of emotional distress arising out of bona fide personnel actions. But see Locke, Workmen's Compensation 2d § 10.5, at 143-144 (Nason & Wall Supp. 1990).

Nor are we persuaded that the Legislature intended to eliminate claims under the Workers' Compensation Act for negligent infliction of emotional distress not arising from a bona fide personnel action. Traditionally, the key to whether the Workers' Compensation Act precludes a common law right of action has always rested upon the nature of the injury for which a plaintiff seeks to recover and not the nature of the defendant's act. *Foley* v. *Polaroid Corp.*, 381 Mass. at 553. The 1985 and 1986 amendments make clear that when events occurring at work are a significant contributing cause of emotional or mental disabilities, those injuries are com-

pensable under the Act unless they arose from a bona fide
personnel action not intended to inflict emotional distress.
Where the plaintiffs' complaint in this case alleges that Su-
san Catalano's emotional disability arose out of a daily
"campaign" of harassment by Sgroi, a fellow worker, of
which her employer was on notice but failed to take steps to
prevent, we conclude that her claim was compensable under
the Workers' Compensation Act and, thus, properly dis-
missed under the exclusivity clause of the Workers' Compen-
sation Act, G. L. c. 152, § 24.[3]

2. *Intentional interference with an advantageous relation-
ship.* As the basis for the plaintiffs' claim of intentional inter-
ference with an advantageous relationship against Sgroi in
their complaint, the plaintiffs allege that Sgroi harassed Su-
san M. Catalano by his "(a) constant detailed direction of
[her] and her subordinates although [he] was not directly in
authority over her; (b) continual interference with her per-
formance of her duties which prevented [her] from perform-
ing her job properly; (c) verbally harassing and intimidating
[her] and causing her to reasonably fear that her job was in
jeopardy; and (d) making unreasonable demands as to the
hours [she] was to work and time she was allowed to take for
vacation, threatening that if she did not comply her job was
in jeopardy." The complaint further alleges that as a result
the plaintiff Susan M. Catalano suffered an emotional disa-
bility resulting in her resignation.

A claim against a fellow worker for the commission of an
intentional tort will be barred by the exclusivity clause of the
Workers' Compensation Act, G. L. c. 152, § 24, if commit-
ted within the course of the worker's employment and in fur-
therance of the employer's interest. *O'Connell* v. *Chasdi*, 400

---

[3]Following oral argument in this case, the defendants have submitted to
the panel a copy of a lump sum settlement by Susan M. Catalano of her
claim for mental or emotional injuries against her employer pursuant to
the provisions of G. L. c. 152, § 48. The plaintiffs have not challenged its
authenticity. Accordingly, the plaintiffs' claims for negligent infliction of
emotional distress and for loss of consortium based on this tort would be
barred under the provisions of G. L. c. 152, §§ 23, 24. *McLaughlin* v.
*Stackpole Fibers Co.*, 403 Mass. 360, 361-362 (1988).

Mass. 686, 690-691 (1987). Apparently finding that Sgroi's conduct was similar in kind to that inflicted on the plaintiff in *Anzalone* v. *Massachusetts Bay Transp. Authy.*, 403 Mass. at 122-125, which the Supreme Judicial Court found to be within the course of the coworker's employment and in furtherance of the interests of his employer, the motion judge dismissed the claim. The plaintiffs argue that the *Anzalone* case is not controlling because Sgroi was not Susan M. Catalano's supervisor. We find this to be a distinction without a difference, because Sgroi was indeed a vice president of the corporation and Susan M. Catalano, an assistant treasurer. In any event, we do not consider *Anzalone* controlling because at this stage of the proceeding, at least with respect to the allegation that Sgroi continually interfered with Susan M. Catalano's performance of her duties preventing her from doing her job properly, we are not prepared to say that the plaintiffs cannot prove any set of facts demonstrating that Sgroi's actions were not within the course of his employment or not in the furtherance of his employer's interests. *Nader* v. *Citron*, 372 Mass. 96, 97-98 (1977). Our decision, however, is of little consequence in light of the result we reach on the procedural issues in this case.

3. *Propriety of the appeal.* The defendants argue that the plaintiffs' appeal is not properly before us. We agree.[4]

In order to understand the result we reach, we set forth the confusing procedural history of this case. After the judge allowed the defendants' motion to dismiss on October 25, 1990, the plaintiffs filed a notice of appeal from the order of dismissal on November 20, 1990. No judgment of dismissal had entered at that time. The plaintiffs took no further action in this case until April 20, 1993, when they filed a motion for entry of judgment. The defendants opposed this motion and moved to dismiss the appeal on the ground that the

---

[4]The within is not a case where plaintiffs' appellate rights should be preserved because the procedural tangle lay with the failure of the court to follow its rules, see *Knupp* v. *Gulf Oil Corp.*, 29 Mass. App. Ct. 116, 121 (1990), or the defendant should be estopped by inconsistent conduct from raising the issue, see *Brown* v. *Quinn*, 406 Mass. 641, 646 (1990).

plaintiffs had taken no action to prosecute their appeal for two and one-half years. On May 20, 1993, the motion judge in the Superior Court denied the plaintiffs' motion for entry of judgment and allowed the defendants' motion to dismiss the appeal for failure to prosecute the appeal.

The plaintiffs then filed a petition for relief with the single justice of the Appeals Court under G. L. c. 231, § 118, first paragraph, from those rulings. After the single justice denied the petition, the plaintiffs returned to the Superior Court and filed a motion requesting entry of final judgment on the May 20, 1993, order dismissing the appeal. The defendants opposed that motion. Noting that no judgment of dismissal had ever entered on the allowance of the defendants' motion to dismiss, another judge of the Superior Court allowed the motion for entry of judgment and ordered that judgment of dismissal on the order dismissing the plaintiffs' complaint enter forthwith. The judgment of dismissal was entered on October 21, 1993. The plaintiff then appealed from the October 21, 1993, judgment, and the defendant filed a cross appeal.

The thrust of the defendants' cross appeal is that the plaintiffs never filed an appeal from the first Superior Court judge's denial of their motion for entry of judgment and dismissal of their appeal and, as a result, the second Superior Court judge lacked the authority to act on the plaintiffs' motion for entry of judgment. It is well established that the proper appellate route from the dismissal of an appeal is an appeal to the full court of the Appeals Court rather than an appeal to a single justice of the Appeals Court. *Zieminski* v. *Berkshire Div. of the Probate and Family Court*, 408 Mass. 1008, 1009 (1990). *Robinson* v. *Planning Bd. of Wayland*, 23 Mass. App. Ct. 920, 922 (1986). Consequently, if the plaintiffs had filed a timely appeal with us, we could have considered and, if appropriate, rectified the errors claimed by the plaintiffs in the motion judge's rulings. *Robinson* v. *Planning Bd. of Wayland*, 23 Mass. App. Ct. at 921.

Instead, the plaintiffs sought to reactivate their appeal by filing another motion for entry of judgment in the trial court. They contend that this course of action was appropriate be-

cause, at the time that the first Superior Court judge acted on those motions, no final judgment had entered in this case. Consequently, they argue that until a final judgment entered, a Superior Court judge would not be bound by the prior rulings entered by another Superior Court judge.

While it is true, that under the law of the case doctrine, a second judge does have the power until final judgment to rule differently from the first judge on " 'an issue or a question of fact or law once decided' in order to reach a just result," *Goulet* v. *Whitin Machine Works, Inc.*, 399 Mass. 547, 554 (1987), this doctrine is inapplicable to the circumstances of this case. Once the first Superior Court judge denied the plaintiffs' motion for entry of final judgment and allowed the defendants' motion to dismiss the plaintiffs' appeal, the case had reached finality in the trial court and the plaintiffs' only redress lay in an appellate court. *Zieminski* v. *Berkshire Div. of the Probate and Family Court*, 408 Mass. at 1009. *Robinson* v. *Planning Bd. of Wayland*, 23 Mass. App. Ct. at 921. See also *Maciuca* v. *Papit*, 31 Mass. App. Ct. 540, 544-545 (1991).

Accordingly, we conclude that the plaintiffs' appeal is not properly before us because of their failure to take a timely appeal from the rulings of the first Superior Court judge dismissing their appeal and denying their motion for entry of final judgment and that the appeal should be dismissed.

*So ordered.*