Dortch-Okara, J.
On November 30, 1995, this court denied defendant’s motion for summary judgment.[1] Defendant Digital Equipment Corporation (Digital) now moves this court to clarify its decision as it applies to each count of plaintiffs complaint. For the reasons set forth below, defendant’s motion for summary judgment is DENIED as to count I and is ALLOWED as to Counts II, III, IV, V, and VI.
BACKGROUND
Plaintiff Judith Noonan (Noonan) was hired as an assembler by Digital in May of 1991. In August of 1992, Noonan was injured in a work-related accident. She received full-time workers’ compensation from August of 1992 until February 5,1993, at which time she returned to work 16 hours per week and her workers’ compensation was reduced to part-time. After working for only one week, she informed Digital that she was not ready to continue working, even on a part-time basis, due to psychological problems associated with the accident.
Noonan remained out ofwork until March 12,1993, when she received a letter from her supervisor advising her that she was discharged for absenteeism. After Noonan received the letter, Dennis Noonan, her brother and co-worker at Digital told her that he heard that she was fired. Another co-worker, Brian Shurkus, told her that he heard that she was fired for not properly filling out certain paperwork.
Noonan nevertheless continued to receive workers’ compensation benefits. In June of 1993, Digital attempted to discontinue Noonan’s benefits. However, the Massachusetts Department of Industrial Accidents denied Digital’s request to modify or discontinue benefits. Noonan received full-time benefits until August 31, 1993, when she settled her workers’ compensation claim against Digital.
DISCUSSION
I. The Summary Judgment Standard
Summary Judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. See Cassesso, supra at 422.
II. Plaintiffs Claims
A. Count I
Count I consists of Noonan’s claim for unlawful termination under G.L.c. 152, §75B(2). Digital argues that Noonan has failed to offer evidence on all elements of her Chapter 152 claim. However, the elements Digital cites are those relating to a Chapter 15 IB discrimination claim. There is no case law to indicate that the prima facie standard of Chapter 15 IB applies to claims arising under Chapter 152. Chapter 152, §75B(2) provides that an employer shall not discharge an employee because the employee has chosen to exercise a right afforded by Chapter 152. G.L.c. 152, §75B(2).[2]
*632 The evidence presented by the plaintiff raises the question of whether her discharge was precipitated by her inability to work due to her work-related injury. Noonan has presented evidence that she was suffering from post-traumatic stress disorder resulting from the accident. While Digital disputes whether Noonan’s disorder was related to the accident, Digital knew of Noonan’s disorder and that she was still receiving workers’ compensation when she was discharged. When a plaintiff alleges a bad-faith discharge while he is receiving workers’ compensation, “the clear inference to be drawn ... is that the plaintiff was discharged in retaliation for filing such a claim.” Ourfalian v. Aro Manuf. Co., 31 Mass.App.Ct. 294, 296-97 (1991). Although Digital states that Noonan was discharged for absenteeism, the inference to be drawn from Noonan’s discharge for absenteeism during a period when she was receiving workers’ compensation is that she was discharged for continuing to pursue her workers’ compensation benefits. Therefore, defendant’s motion for summary judgment on Count I is denied.
B. Counts II & III
Counts II and III of the complaint consist of Noonan claims for libel and slander. Injury to reputation is not the type of injury intended to be compensable under the Workers’ Compensation Act, Foley v. Polaroid Corp., 381 Mass. 545, 551 (1980), and so is not subject to its exclusivity provision. G.L.c. 152, §24.[3] However, in order to succeed in a defamation claim, a plaintiff must show that a false statement was made by the defendant. McAvoy v. Shufrin, 401 Mass. 593, 597 (1988) (libel requires ttiat plaintiff show a false and defamatory written communication of and concerning the plaintiff).
“An employer has a conditional privilege to disclose defamatory information involving an employee when the publication is reasonably necessary to serve the employer’s legitimate interest in the fitness of an employee to perform his or her job.” Bratt v. International Business Machines Corp., 392 Mass. 508, 509 (1984). In order for a defendant to lose this conditional privilege, the plaintiff must prove that the defendant at a minimum acted recklessly. Id. at 515-16. Noonan’s libel claim is based solely on a letter that she received from her supervisor stating that she was being terminated due to absenteeism. There is no evidence that the letter was published to a third party. Even if the letter were published to a third party such' as Noonan’s supervisors or coworkers, such disclosure would have served a legitimate business interest, namely explanation of Noonan’s permanent absence.
Similarly, Noonan’s slander claim fails because defendant’s first allegedly slanderous statement was that Noonan was terminated. This statement is true. Truth is a complete defense in an action for slander. Bander v. Metropolitan Life Ins. Co., 313 Mass. 337 (1943).
The second allegedly slanderous statement was that Noonan was terminated for failing to properly complete certain paperwork. To be “defamatory,” a statement must discredit the plaintiff among any “considerable and respectable class of people.” See King v. Globe Newspaper Co., 400 Mass. 705, 718 (1987) (citations omitted). In determining whether a legal interest is protected by conditional privilege, “courts should weigh publisher’s interest in the defamatory matter, should it be true, against harm to plaintiffs reputation by disclosure of false information.” Bratt, supra, at 513, citing Restatement (Second) of Torts §594 cmt. f, at 266 (1977). Even if the statement that Noonan was terminated for failing to complete paperwork were untrue, it does not rise to the level of slander.
“Summary judgment procedures are especially favored in defamation cases.” King, 400 Mass. at 711-12 (citations omitted). Here, Noonan has failed to meet her burden of establishing the essential elements of either libel or slander. Therefore, Digital is entitled to summary judgment on Counts II and III.
C. Counts IV & V
Counts IV and V of the complaint consist of Noonan’s claims for intentional and negligent infliction of emotional distress. The workers’ compensation statute defines “personal injury” as including “mental or emotional disabilities only where the predominant contributing cause of such disability is an event or series of events occurring within any employment.” G.L.c. 152, §1(7A). However, the statute further provides that:
[n]o mental or emotional disability arising principally out of a bona fide, personnel action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter.
Since Noonan’s claim against Digital arises from her termination, a bona fide personnel action, any claim for intentional and/or negligent infliction of emotional distress is barred by the Workers’ Compensation statute. Catalano v. First Essex Savings Bank, 37 Mass.App.Ct. 377, 378-81, rev. denied 419 Mass. 1101 (1994). See also, Lennon v. Walsh, 798 F.Supp. 845, 848 (D.Mass. 1992) (exclusivity provision of Workers’ Compensation statute bars claim for emotional distress resulting from termination even where it was wrongful).
Under the Massachusetts Workers’ Compensation Act, an employee is deemed to have waived his right of action at common law with respect to any injury otherwise compensable under that act if he fails to give to the employer a written reservation of rights at the time of hire. G.L.c. 152, §24. See Sarocco v. General Electric Co., 879 F.Supp. 156 (D.Mass. 1995); Felinska v. New England Teamsters and Trucking Industry Pension Fund, 855 F.Supp. 474 (D.Mass. 1994); Parisi *633 v. Trustees of Hampshire College, 711 F.Supp. 57 (D.Mass. 1989). Noonan asserts no such reservation of rights. Under the circumstances, therefore, Noonan’s claims for emotional distress against Digital would be compensable, if at all, under the Workers’ Compensation Act and subject to its exclusivity provision. Therefore, defendant Digital is entitled to judgment as a matter of law on Counts IV and V of the complaint.
E. Count VI
In Count VI of the complaint, Noonan alleges emotional distress as a result of her wrongful termination. “Traditionally, the key to whether the Workers’ Compensation Act precludes a common law right of action has always rested upon the nature of the injury for which a plaintiff seeks to recover and not the nature of the defendant’s act.” Catalano, 37 Mass.App.Ct. at 380, citing Foley, 381 Mass. at 553. “(Wjhen events occurring at work are a significant contributing cause of emotional or mental disabilities, those injuries are compensable under the Act...” Catalano, supra, at 380-81. Thus, Noonan’s alleged injuries, because they arise out of her employment, may only be compensated under the Workers’ Compensation Act and, as a matter of law, are subject to its exclusivity clause. G.L.c. 152, §24. See Catalano, supra, at 381. See, also Mello v. Stop & Shop Companies, Inc., 402 Mass. 555, 557 & n.2 (1988). (Common law rule is not needed when the legislature has prescribed a statutory remedy.) Digital is therefore entitled to summary judgment on Count VI of the complaint.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion for summary judgment of defendant Digital Equipment Corporation is DENIED on Count I for violation of G.L.c. 152, §75B and is ALLOWED on Count II (libel), Count III (slander), Count IV (intentional infliction of emotional distress), Count V (negligent infliction of emotional distress), and Count VI (wrongful termination).

Memorandum of Decision and Order on Defendant’s Motion for Summary Judgment.

Chapter 152, section 75B(2) states in relevant part: No employer or duly authorized agent of an employer shall discharge, refuse to rehire or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter . . .

See analysis, infra, of Counts IV through VI of the complaint for discussion of the exclusivity provision.