JOSEPHINE F. MCCARTHY *vs.* JAMES V. O'CONNOR.

Hampden. April 7, 1986. — August 11, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil,* Appeal, Dismissal of appeal, Transcript of evidence. *Rules of Appellate Procedure,* Dismissal of appeal.

Docketing in the Appeals Court of an appeal from a judgment of a Probate Court did not affect the power of a Probate Court judge under Mass. R. A. P. 10 (c) to dismiss the appeal for failure of the appellant to comply with Mass. R. A. P. 9 (c) or 10 (a) (1) or (3). [196-197]

A party seeking to appeal a Probate Court judgment did not cure her noncompliance with Mass. R. A. P. 9 (c) (2) (ii) by notifying the court that she had ordered a transcript from the private stenographer who had transcribed the testimony, where the stenographer, although sworn in by the judge, had never been expressly appointed under Rule 202 of the Probate Court (1975) as the official stenographer for the proceeding. [197-199]

A Probate Court judge was warranted in concluding that a party's several identified failures to comply with the appellate rules, including Mass. R. A. P. 9 (c) (2) and 10 (a) (1), constituted inexcusable neglect, and the judge did not abuse his discretion under Mass. R. A. P. 10 (c) in dismissing her appeal. [199-200]

CIVIL ACTION commenced in the Hampden Division of the Probate and Family Court Department on March 19, 1982.

The case was heard by *Sanford Keedy,* J., and a motion to dismiss an appeal was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Alice E. Zaft* for the plaintiff.
*James L. Allen* for the defendant.

O'CONNOR, J. The plaintiff appeals from an order of the Probate Court dismissing her appeal from a judgment dismissing her petition for partition of certain real estate and reformation of a certain deed. She presses the merits of her dismissed appeal as well, the two appeals having been consolidated by

a single justice of the Appeals Court. We transferred the case to this court on our own motion, and we now affirm the order dismissing the appeal.

In March, 1982, the plaintiff commenced this action for the partition and sale of property at 61-63 Parkside Street, Springfield. The petition alleged that the plaintiff and the defendant, her brother, each held an individual one-half interest in the property as surviving joint tenants under a deed from their parents dated April 10, 1965. The petition sought the appointment of a commissioner to sell the property for not less than $45,000.

The defendant's answer denied that the plaintiff held a present interest in the property as joint tenant or otherwise, and prayed that the petition for partition be dismissed. The defendant counterclaimed for reformation of the deed to grant only a contingent remainder interest to the plaintiff. Trial was held on May 29 and 30, 1984. The testimony was electronically recorded and, at least as of the time of the hearing on the motion to dismiss the appeal, March 12, 1985, the cassette recordings of the trial were still available. The testimony was also recorded by a private stenographer retained by the plaintiff and sworn by the judge. However, the judge was not requested to appoint the private stenographer as the official court reporter, and did not expressly do so.

On December 4, 1984, a judgment entered dismissing the plaintiff's petition for partition and ordering reformation in accordance with the counterclaim. The judge was not requested to report his findings of material fact under G. L. c. 215, § 11 (1984 ed.), and he did not report either findings or conclusions of law. The plaintiff filed a timely notice of appeal on December 31, 1984.

On February 14, 1985, the register of probate mailed a notice of assembly of the record to the parties. Although the plaintiff argues here for the first time that Massachusetts Rule of Appellate Procedure 14 (c), 365 Mass. 859 (1974), requires us to presume that she did not receive that notice until three days after it was sent, both parties and the judge at the hearing on the defendant's motion to dismiss the plaintiff's appeal assumed

that the plaintiff received the register's notice on February 15, 1985, and we make the same assumption. Therefore, we do not consider the plaintiff's argument based on rule 14 (c). On February 25, 1985, the plaintiff mailed to the Appeals Court the fee for docketing the appeal and a motion to extend the time for filing her appellate brief. The motion was grounded on the lack of preparation of a transcript of the proceedings below. According to the motion, "without the transcript, it would be extremely difficult . . . to prepare a comprehensive brief in connection with the issues raised on appeal." The Appeals Court entered the appeal on its docket on February 26, 1985. On February 27, 1985, a single justice of the Appeals Court ordered appellate proceedings stayed until April 1, 1985.

On March 1, 1985, the defendant moved in the Probate Court for dismissal of the plaintiff's appeal on the ground that no one had been appointed in the Probate Court to report the testimony on appeal, no one had requested copies of the cassette recordings of the trial, and the record assembled by the register did not include a transcript of evidence. On March 7, 1985, the plaintiff submitted a letter to the Probate Court stating that she had ordered a transcript under Mass. R. A. P. 8, as amended, 388 Mass. 1106 (1983), and 9 (c), as appearing in 378 Mass. 924 (1979). On March 12, 1985, a judge of the Probate Court held a hearing on the motion to dismiss the appeal and he subsequently allowed the motion. In his supporting memorandum, the judge observed that the plaintiff's letter "referred to the ordering of a copy of the transcript from the private stenographer," and he ruled that "this letter does not constitute the statement certifying that the appellant has ordered portions of the transcript from the Court Reporter as required by [Mass.] R. A. P. 9 (c) (2) (ii)." The judge also found that "the record as assembled by the Register contained no transcript of the testimony and said transcript is essential for proper review on appeal to the Appeals Court." He ruled that the plaintiff's failure to order the cassettes of the partition proceedings and to arrange for a designated transcriber of the cassettes pursuant to Mass. R. A. P. 8 (b) (3) "does not constitute excusable neglect" but rather was "a flat mistake . . . about

the meaning of Probate Court Supplementary Rule 202 and [Mass.] R. A. P. 8 (b) (3) and 9 (c), and constitutes inexcusable neglect." He also concluded that the plaintiff had failed to pay the fee for docketing the appeal in the Appeals Court on time (rule 10 [a] [1], as amended, 378 Mass. 924 [1979]), that the defendant would be prejudiced by further delay in prosecuting the appeal, and that the appeal was not meritorious. The plaintiff filed a timely appeal from the order dismissing the appeal.

The test to determine whether the judge was warranted in dismissing the plaintiff's appeal is whether he abused his discretion. *Hawkins* v. *Hawkins,* 397 Mass. 401, 409 (1986). But before we make that inquiry, we respond to the plaintiff's argument that once the appeal was docketed in the Appeals Court (February 26, 1985), the Probate Court no longer had jurisdiction to dismiss it. The plaintiff argues that the order of the Appeals Court single justice staying appellate proceedings until April 1, 1985, was, in reality, an extension of time for compliance with rules 8 (b) (1), 9 (c), and 10. We disagree. On its face, the single justice's order does not appear to grant the plaintiff additional time for paying the docket fee or procuring a transcript of evidence. Furthermore, it does not appear that the plaintiff demonstrated the "good cause" for enlargement of time that is required by Mass. R. A. P. 14 (b), as amended, 378 Mass. 924 (1979). See *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 n.2 (1975).

Rule 10 (c) of Mass. R. A. P., as appearing in 378 Mass. 924, 938 (1979), provides: "If any appellant in a civil case shall fail to comply with rule 9 (c) or rule 10 (a) (1) or (3), the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect; otherwise, the court shall enlarge the appellant's time for taking the required action. If, prior to the lower court's hearing such motion, the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely." Rule 10 (c) on its face makes no exceptions in the event that an appeal has been already docketed in the Appeals Court.

The plaintiff's reliance on *Vyskocil* v. *Vyskocil,* 376 Mass. 137 (1978), is misplaced. In that case, which predated the

amendments to the Massachusetts Rules of Appellate Procedure in 1979, we reversed a lower court's order dismissing an appeal that had been docketed in the Appeals Court, but the basis of the reversal was not that the order of dismissal had been entered subsequent to the docketing of the appeal in the Appeals Court, but rather that the lower court judge had erroneously concluded that under rule 9 (c) he had no discretion whether to dismiss the appeal or not. *Id.* at 139. In that case, we implicitly recognized the power of the Probate Court to dismiss appeals docketed in the Appeals Court. Nothing in the amendment to rule 10 (c) in 1979 restricted that power.[1]

We turn, then, to the question whether the judge abused his discretion in dismissing the plaintiff's appeal. That requires us to consider whether the plaintiff appellant failed to comply with rule 9 (c) or rule 10 (a) (1) or (3). The judge was clearly warranted in finding that the plaintiff failed to comply with rules 9 (c) and 10 (a) (1). We first briefly address the finding of noncompliance with rule 10 (a) (1). That rule provides that "[w]ithin ten days after receiving from the clerk of the lower court notice of assembly of the record, or of approval by the lower court of an agreed statement, the appellant shall pay to the clerk of the appellate court the docket fee fixed by law, and the clerk shall thereupon enter the appeal upon the docket." On February 15, 1985, the plaintiff received from the register notice of assembly of the record. However, the plaintiff did not pay the docket fee until eleven days later. That was one day too late.

The judge concluded that the plaintiff failed to comply with Mass. R. A. P. 9 (c) (2) (ii). Rule 9 (c) (2) provides that "each appellant in a civil case shall, within forty days after filing a notice of appeal, deliver to the clerk of the lower court either (i) a transcript of those portions of the transcript of the lower court proceedings which the appellant deems necessary for

---

[1] In *Commonwealth* v. *Cronk,* 396 Mass. 194, 197 (1985), we held that a trial judge did not have jurisdiction to vacate the dismissal of a criminal complaint after the Commonwealth's appeal had been entered in the Appeals Court. That case did not implicate Mass. R. A. P. 10 (c) and thus is inapposite to the present case.

determination of the appeal, or (ii) a signed statement certifying that the appellant has ordered such portions from the court reporter," as appearing in 378 Mass. at 936. The plaintiff does not contend that she delivered a transcript to the register within forty days after she filed her notice of appeal, or that within that period she delivered to the register a signed certification that she had ordered a transcript. Instead, the plaintiff relies on the provision in rule 10 (c) that "[i]f, prior to the lower court's hearing [a motion to dismiss the appeal], the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely." The plaintiff argues that her letter notifying the court that she had ordered a transcript cured her earlier failure to comply with rule 9 (c) (2). It is clear, however, as the motion judge found, that the letter referred to ordering a transcript from a stenographer who had not been appointed by the judge. As such, the letter did not cure the plaintiff's noncompliance with rule 9 (c) (2).

General Laws c. 215, § 18 (1984 ed.), provides: "At the trial of any issue of fact in a probate court the presiding judge may appoint a stenographer, who shall be sworn and shall attend the trial, or such part thereof as the judge may direct, and perform like duties and receive the same compensation therefor as a stenographer appointed by the superior court who is not on salary; and the sums so payable for his attendance at court and for any transcript of his notes or part thereof furnished to the judge by his direction shall be paid by the commonwealth upon the certificate of the judge. The judges of probate of any county may appoint a stenographer for the probate court of such county. The compensation and expenses of such stenographer shall be paid by the commonwealth." Implementing that statute, Rule 202 of the Probate Court (1975) provides that a "[r]equest for the appointment of a stenographer to take the testimony at a trial for the purpose of reporting the testimony on appeal to the Supreme Judicial Court shall be given to the Register in writing not later than forty-eight hours before trial." It is undisputed that no request was made under that rule for the appointment of a stenographer. Furthermore, no such appointment was made unless, as the plaintiff argues,

the swearing in of the stenographer sufficed as an appointment. We agree with the judge that it did not, and that therefore the plaintiff's notice that she had ordered a transcript from her private stenographer, even if timely, was not adequate. Rule 9 (c) (2) contemplates the ordering of an official transcript. The private stenographer could not produce such a transcript and therefore the transcript would not properly be before the court on review. See *Thayer Co.* v. *Binnall,* 326 Mass. 467, 482-483 (1950); *Silke* v. *Silke,* 325 Mass. 487, 490 (1950); *Bowles* v. *Comstock,* 286 Mass. 159, 162 (1934).

A failure to comply with Mass. R. A. P. 8 (b) (3), also relied on by the judge in dismissing the appeal, constitutes a violation of rule 9 (c), and therefore may be cause for dismissal of the appeal under rule 10 (c). See *Hawkins* v. *Hawkins, supra* at 405; *Doten* v. *Doten,* 395 Mass. 135, 138 (1985). Rule 8 (b) (3) requires, among other things, that an appellant order from the clerk (or register) a cassette copy of any electronic recording of the proceedings. The plaintiff does not claim that she did that, but contends that she was excused from ordering a cassette copy because she had arranged for stenographic recording. That argument fails because of our conclusion that the plaintiff failed to make provision for an official stenographic transcript. Of course, under rule 10 (c), the plaintiff could have cured that violation before the hearing took place on the motion to dismiss, but she chose instead to rely exclusively on her letter notifying the court that she had ordered a transcript from the stenographer. The plaintiff does not argue that she cured her failure to comply with the applicable rules in any other way.

"A failure to comply with Rule 9 (c) is to be regarded . . . as a 'serious misstep,' not a 'relatively innocuous one,' the appropriate remedy or penalty for which is presumptively dismissal of the appeal." *Vyskocil* v. *Vyskocil, supra* at 139-140, quoting *Schulte* v. *Director of the Div. of Employment Sec.,* 369 Mass. 74, 79 (1975). "We reiterate that the responsibility for expediting appeals is 'squarely on the appellant,' and that excusable neglect calls for 'unique or extraordinary circumstances.' " *Hawkins* v. *Hawkins, supra* at 408, quoting *Mailer*

v. *Mailer,* 387 Mass. 401, 407, 406 (1982). There are no such circumstances here. "The concept of excusable neglect does not embrace '[a] flat mistake of counsel about the meaning of a statute or rule' or other 'garden-variety oversight[s].' " *Mailer* v. *Mailer, supra* at 406, quoting *Goldstein* v. *Barron,* 382 Mass. 181, 186 (1980). We cannot say that the judge was unwarranted in concluding that the plaintiff's several identified failures to comply with the appellate rules constituted inexcusable neglect. Furthermore, even if material prejudice need be shown in a case such as this where "a neglectful appellant does not avail himself of the rescue apparatus in the last sentence of rule 10 (c)," *Points East, Inc.* v. *City Council of Gloucester,* 15 Mass. App. Ct. 722, 725 (1983), we cannot say that the judge was wrong in concluding that the plaintiff's infractions indeed caused delay which in turn caused the defendant to be materially prejudiced. Accordingly, having in mind the plaintiff's repeated contention, as well as the judge's finding, that a transcript of the proceedings below is essential to this appeal, and that the plaintiff does not now argue that she is entitled to appellate review of issues not requiring a transcript, we conclude that the judge acted within his discretion in dismissing the plaintiff's appeal, and that this case is not an appropriate case for the exercise of our equitable power under Mass. R. A. P. 3 (a), as amended, 378 Mass. 924 (1979). See *Hawkins* v. *Hawkins, supra* at 409.

*Order dismissing appeal affirmed.*