SPRINGFIELD YOUNG WOMEN'S CHRISTIAN ASSOCIATION *vs.* CAMILLE C. EVERS. No. 89-P-402. March 21, 1991. *Practice, Civil*, Appeal, Dismissal of appeal, Transcript of testimony. *Rules of Appellate Procedure.*

The defendant filed a timely notice of appeal from the judgment in April, 1987, and ordered transcripts of the testimony. By August, 1987, three court reporters had furnished transcripts, but a fourth, who had moved out of Massachusetts after the trial, failed to produce transcripts of three days of testimony (including that of two central witnesses). Repeated attempts by the defendant's counsel to elicit the missing transcripts ended in August, 1988, when the stenographer reported that the transcripts had been completed but had been stolen from her car. The plaintiff's counsel had been pressing the defendant's counsel since February to prepare a statement of the evidence under Mass.R.A.P. 8(c), 378 Mass. 933 (1979), and in November, 1988, filed a motion to dismiss the appeal under Mass.R.A.P. 10(c), 378 Mass. 938 (1979). The motion was heard on No-

vember 16, 1988, before a judge other than the trial judge. The defendant's counsel did not appear, and the judge ordered the appeal dismissed.

Claiming confusion as to the notice of the November 16 hearing (the motion had been marked for hearing by the plaintiff's counsel in accordance with what was, in effect, a local standing order instead of the hearing being scheduled by the court under rule 9A[b][1] of the Rules of the Superior Court [1988]), the defendant filed a motion for reconsideration, which was allowed on December 12 by the judge. The motion to dismiss the appeal was rescheduled for hearing on December 28. On December 19, the defendant filed a statement of the evidence with a motion for settlement. (This was docketed December 23.) The statement of the evidence had been forwarded to the plaintiff's counsel for review on December 9; the latter declined to prepare a statement of objections until the court had ruled again on the motion to dismiss. A third judge heard the motion to dismiss on December 28. He entered written findings in January, 1989, concluding that the defendant had been guilty of inexcusable neglect (see Mass.R.A.P. 10[c] and *Points East, Inc.* v. *City Council of Gloucester*, 15 Mass. App. Ct. 722, 723 [1983]), and ordered the appeal dismissed. The defendant has appealed from the order of dismissal.

Under the liberal provisions of Mass.R.A.P. 10(c), an appeal is not to be dismissed for failure to comply with the rules relative to assembling the record if by the time of the hearing on the motion to dismiss the appellant has cured his noncompliance. The judge could properly find, as he did, that the defendant's counsel had been neglectful in not moving sooner, after learning of the loss of the transcripts, to put together a proposed statement of the evidence. The judge, however, made the mistake of considering the motion to dismiss on the state of facts that had existed on November 16, 1988, when the motion was originally heard, rather than on the facts as they were on December 28, after the statement of the evidence and a motion for settlement had been filed. The allowance of the motion for reconsideration vitiated the original order of dismissal and the proceedings on November 16. The motion stood on December 28 as if it had not previously been heard. The prerequisite to dismissal under rule 10(c) no longer existed: the noncompliance had been cured.

We have not overlooked the possibility that the order granting reconsideration could itself have been vacated; but, on the facts of the present case, that would have been an abuse of discretion. The November 16 marking was caught in the confusion that prevailed when rule 9A of the Superior Court first went into effect; the defendant's counsel, whose practice was located outside of region V, where the local standing order was posted on the clerk's door, reasonably relied on rule 9A(b)(1), which seemed to prohibit the marking by counsel of motions for hearing, and he advised the court by letter dated before (but apparently received after) the hearing on November 16 that he was assuming that a hearing date would be scheduled by the court as contemplated by the rule.

We mention other points briefly. The thirty-day period allowed by Mass.R.A.P. 8(c) for filing a statement of the evidence — measured from the date of filing the notice of appeal — does not have the effect of nullifying statements of the evidence filed after thirty days. Compare *Commonwealth* v. *Harris*, 376 Mass. 74, 77 (1978), a case in which, as here, the transcripts were unexpectedly lost. Assuming that the merit of the appeal is relevant once an appellant has cured a noncompliance under rule 10(c), we think that the present appeal has merit, in the sense that it is "worthy of judicial inquiry," *Naughton* v. *First Natl. Bank of Boston*, 4 Mass. App. Ct. 624, 627 (1976). Lastly, assuming that prejudice to the appellee is relevant, we note that no attempt has been made by the plaintiff to demonstrate prejudice, nor did the judge find prejudice, other than that which inheres in trying to reconstruct a trial record after the passage of time. The relevant period here in computing prejudice would not be a year and a half but rather the period of three to four months that elapsed from the time the defendant's counsel learned the transcripts were lost to the time that he forwarded the proposed statement of evidence to the plaintiff's counsel.

*Order dismissing appeal reversed.*

*John O. Mirick* for the defendant.
*Wendy Sibbison* for the plaintiff.