GORDON S. RUSSELL & another[1] *vs.* MARGARET MARY
MCOWEN-HANELT.

Barnstable. February 4, 1992. - July 16, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil,* Appeal, Dismissal of appeal, Transcript of testimony.
*Rules of Appellate Procedure.*

In a civil action where trial proceedings were electronically recorded,
Mass. R. A. P. 9 (c) (2) required that the appellants deliver either a
transcript, or a signed statement certifying that the cassette tapes were
being transcribed, to the clerk of the trial court within forty days after
filing their notice of appeal, and, where the record of the proceedings
supported the trial judge's findings that the appellants did not comply
with this requirement of rule 9 (c) (2), that their failure to comply was
not due to excusable neglect, and that they did not cure the defect in a
timely manner, the judge properly dismissed the appeal pursuant to
Mass. R. A. P. 10 (c). [109-111] O'CONNOR, J., with whom WILKINS
& GREANEY, JJ., joined, dissenting.
The court declined to reinstate an appeal properly dismissed for failure to
comply with Mass. R. A. P. 9 (c). [111]
The court declined to award damages under Mass. R. A. P. 25, where the
issue raised by the appeal in a civil action was not frivolous. [111]

CIVIL ACTION commenced in the Orleans Division of the
District Court Department on June 21, 1989.

The case was heard by *John P. Curley, Jr.,* J., and a mo-
tion to dismiss the plaintiffs' appeal was heard by *Roger B.
Champagne,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Charles S. Cohen (Ansel B. Chaplin* with him) for the
plaintiffs.

---

[1] Jean 'B. Russell. The plaintiffs, husband and wife, are residents of
Truro.

*Peter S. Farber* for the defendant.

LIACOS, C.J. The plaintiffs, Gordon S. and Jean B. Russell, challenge the dismissal of their appeal from a judgment of the District Court. The underlying case arose from the grant of a special permit by the board of appeals of Truro (board)[2] to the defendant McOwen-Hanelt. Before us is only the procedural issue whether the dismissal of the appeal was proper; the merits of the underlying zoning dispute are not before us. We transferred the case to this court on our own motion, to emphasize once again an appellant's responsibilities for providing transcripts of lower court proceedings that were recorded electronically. We affirm. Since we have determined the issue at hand to require judicial determination, we deny the motion for damages and costs filed by the defendant McOwen-Hanelt under Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979).

1. *Procedural history.* The plaintiffs filed a complaint in the District Court on June 21, 1989, seeking de novo review of a decision by the board to grant McOwen-Hanelt a special permit for the use of her land. A trial was conducted, the proceedings of which were recorded electronically. On August 8, 1990, judgment was entered in favor of the defendant.

The plaintiffs filed a timely notice of appeal from the judgment on August 27, 1990. In accordance with Mass. R. A. P. 8 (b) (3) (ii), as amended, 388 Mass. 1106 (1983),[3] the plaintiffs also submitted a request to the clerk of the lower

---

[2]The board of appeals of Truro is not a party to the appeal. However, the board sought to join in the defendant's brief. See Mass. R. A. P. 16 (j), 365 Mass. 860 (1974).

[3]Rule 8 (b) details the procedures by which a transcript of trial proceedings is made available for inclusion in the record on appeal. Rule 8 (b) (3) (ii) & (iii) lists the responsibilities of the appellant and of the clerk in cases where the proceedings were recorded electronically rather than by an official court reporter. Simply put, the rule requires that the appellant obtain a copy of the recording from the clerk, designate the portions for transcription (providing the appellee an opportunity for counterdesignation) and then arrange for the relevant portions of the recording to be transcribed.

court for a cassette copy of the electronic recording of the trial proceedings.[4] As later found by a judge of the District Court, the cassette became available during the week of September 17, 1990, and the clerk's office so notified the plaintiffs' counsel. The plaintiffs deny receipt of that notice. On October 22, 1990, the defendant filed a motion to dismiss the appeal, pursuant to Mass. R. A. P. 10 (c), as amended, 378 Mass. 937 (1979),[5] arguing that the plaintiffs had failed to comply with Mass. R. A. P. 9 (c) (2), as amended, 378 Mass. 935 (1979),[6] which requires appellants within forty days of filing an appeal[7] either to submit a transcript to the clerk of the lower court or to certify that the transcript is

---

[4]Rule 8 (b) (3) (ii) refers to this copy simply as "the cassette." We shall do the same.

[5]Rule 10 (c) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 937 (1979), reads as follows:

"Dismissal for Failure of Appellant in a Civil Case to Comply With Rule 9 (c) or Rule 10 (a). If any appellant in a civil case shall fail to comply with rule 9 (c) or rule 10 (a) (1) or (3), the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect; otherwise, the court shall enlarge the appellant's time for taking the required action. If, prior to the lower court's hearing such motion, the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely."

[6]Rule 9 (c) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 935 (1979), reads in pertinent part as follows:

"(c) Appellant's Obligation.

"(1) *In General.* In a civil or criminal case, upon request by the clerk of the lower court, the appellant shall forthwith perform any act reasonably necessary to enable the clerk to assemble the record and the clerk shall assemble a single record."

". . .

"(2) *Civil Cases.* Notwithstanding any other obligation which these rules may impose, each appellant in a civil case shall, within forty days after filing a notice of appeal, deliver to the clerk of the lower court either (i) a transcript of those portions of the transcript of the lower court proceedings which the appellant deems necessary for determination of the appeal, or (ii) a signed statement certifying that the appellant has ordered such portions from the court reporter. Upon receiving the transcript, the appellant in a civil case shall forthwith deliver it to the clerk of the lower court."

[7]In this case, the forty days provided in rule 9 (c) (2) expired on October 6, 1990.

being prepared. A judge of the District Court held a hearing on this motion on October 29, 1990. Between the filing of the motion and the holding of the hearing, the plaintiffs filed an opposition to the motion; they also filed a new request for the cassette, and they received the cassette during this time period. On the basis of affidavits filed by both parties, the motion to dismiss was granted on November 5, 1990. The plaintiffs nevertheless continued to prepare a transcript, and they filed a motion for reconsideration as well as a motion requesting an evidentiary hearing. On April 1, 1991, the motion for reconsideration was denied.

2. *Dismissal of appeal pursuant to rule 10 (c).* "The test to determine whether the judge was warranted in dismissing the plaintiff's appeal is whether he abused his discretion." *McCarthy* v. *O'Connor,* 398 Mass. 193, 196 (1986). Represented by additional counsel, the plaintiffs argue (1) that they did comply with rule 9 (c); (2) that they cured any defect before the hearing on the motion to dismiss; and (3) that any procedural missteps were the product of excusable neglect. The record does not support these arguments.

a. *Compliance with rule 9 (c).* The judge found that the plaintiffs did not comply with rule 9 (c) (2). Rule 9 (c) (2) requires an appellant in a civil case to take one of two actions within forty days of filing of a notice of appeal: (1) deliver a transcript of the lower court proceedings to the clerk; or (2) file a signed statement certifying that the transcript has been ordered "from the court reporter." In cases where the proceedings have been electronically recorded, there is of course no court reporter. As a result, the plaintiffs argue, the requirement of notifying the clerk that the transcript has been ordered from the court reporter translates into a requirement of notifying the clerk that the cassette has been requested (which the plaintiffs claim they did). This argument is incorrect. In a case where trial proceedings have been electronically recorded, rule 9 (c) (2) "require[s] the [appellant] to deliver either a transcript or a signed statement certifying that the tapes [are] being transcribed, to the clerk or register's office, [no later than] forty days after [the]

appeal was filed." *Hawkins* v. *Hawkins*, 397 Mass. 401, 406 (1986). See *McCarthy, supra* at 198 (in case where proceedings were electronically recorded, plaintiff could not argue that "she delivered a transcript to the [clerk] within forty days after she filed her notice of appeal, or that within that period she delivered to the [clerk] a signed certification that she had ordered a transcript"). The plaintiffs did not certify within forty days that the cassette was being transcribed, nor did they submit the transcript. They did not comply with rule 9 (c).

Under rule 10 (c), failure to comply with rule 9 (c) is a ground for dismissal; however, the judge may not dismiss the case if the appellant cures the defect before the hearing on the motion to dismiss or if the defect was due to excusable neglect.

b. *Failure to cure defect.* Prior to the hearing on the motion to dismiss, the plaintiffs neither filed the transcript with the clerk nor filed a signed statement certifying that the transcript had been ordered. Therefore, they did not cure their defect within the time allowed by rule 10 (c).[8]

c. *Inexcusable neglect.* The judge found that the plaintiffs' failure to comply with rule 9 (c) (2) was due to "inexcusable neglect." The plaintiffs challenge this finding, arguing in essence that their neglect was due to the failure on the part of the clerk of court to provide them with the cassette on request. "We have said that an appeal should not be dismissed for failure to follow the rules of appellate procedure if the error was not attributable to the appellant." *Hawkins, supra* at 408.

We begin with the finding of the judge that the assistant clerk did notify the plaintiffs' counsel's office of the availabil-

---

[8]Citing *Springfield Young Women's Christian Ass'n* v. *Evers*, 30 Mass. App. Ct. 921 (1991), the plaintiffs argue that they did cure their error prior to the hearing on their motion to reconsider, and therefore that their compliance with the rule should be deemed timely. In the cited case, however, the motion to reconsider was granted, thereby "vitiat[ing] the original order of dismissal." *Id.* at 922. In the instant case, the motion for reconsideration was denied, leaving the original dismissal intact.

ity of the tape. The plaintiffs contest this finding and argue that the judge should have conducted an evidentiary hearing rather than rely on the affidavits filed. The judge did not abuse his discretion by relying on the affidavits. The plaintiffs requested an evidentiary hearing only after the judge granted the motion to dismiss, so that issue is not properly raised. There was no clear error in the judge's finding. See *Tammaro* v. *Colarusso*, 11 Mass. App. Ct. 44, 47 (1980). We note that rule 8 (b) (3) (ii) places a responsibility on the clerk to provide the cassette promptly to the appellant. While it might be preferable for the clerk to provide written notice on a standard form, or to make a docket entry that notice has been given, even if we assume that the clerk's office somehow had breached its duty properly to notify the plaintiffs of the cassette's availability, the plaintiffs' neglect would not be excusable. Rule 9 states that its provisions apply regardless of the provisions of other rules. We have repeatedly said that the burden of pursuing an appeal falls on the appellant. As the end of the forty-day period following the filing of an appeal approaches, the appellant has a responsibility to take action designed to have a transcript available. Of course, if the appellant is unable to obtain the cassette from the clerk, any neglect may be excusable, but in this case, the judge found that the cassette was available within the forty-day period and that counsel was so notified.

We conclude by noting that we could reinstate this appeal despite the fact that there was no error below. See Mass. R. A. P. 3 (a), as amended, 378 Mass. 927 (1979). However, as the defendant has been prejudiced by her inability to use her land, as the plaintiffs did not cure their mistakes before the hearing or even begin to provide for a transcription, and as the plaintiffs have provided far too little information for us to determine whether there is any merit to their claim, we shall not invoke our equitable powers. See *Hawkins, supra* at 409.

3. *Damages.* The defendant requests damages under Mass. R. A. P. 25, arguing that the appeal was frivolous. We took the case on our motion believing that the procedural issue

warranted our attention. In this circumstance we cannot say fairly that the issue was frivolous. The motion is denied.

4. *Conclusion.* The allowance of the motion to dismiss the appeal is affirmed. The defendant's motion for damages and costs is denied.

*So ordered.*

O'CONNOR, J. (dissenting, with whom Wilkins and Greaney, JJ., join). The Massachusetts Rules of Civil Procedure, effective July 1, 1974, and the Massachusetts Rules of Appellate Procedure, also effective July 1, 1974, were designed to clarify and simplify preexisting procedures and thereby eliminate traps to which numerous litigants had fallen prey in earlier times, causing them to lose significant rights. Today, in my view, the court returns to the spirit, if not the letter, of those earlier days by affirming the dismissal of the plaintiffs' underlying appeal based on an alleged violation of Mass. R. A. P. 9 (c) (2), as amended, 378 Mass. 935 (1979). That rule neither expressly nor impliedly gives the slightest hint that it applies to electronically recorded proceedings, and Mass. R. A. P. 8 (b) (3) (ii), as amended, 388 Mass. 1106 (1983), suggests that it does not. Moreover, the court's affirmance of the dismissal of the appeal is especially egregious because the dismissal appears to have been grounded on a finding by the judge, unaided by an evidentiary hearing, based on two affidavits that were substantially contradicted by a third affidavit. The retention or loss of appellate rights should not depend on the resolution, without an evidentiary hearing, of a critical and contested factual question about whether an undocketed and unwritten notice via the telephone was or was not given by a clerk to an appellant's counsel. I would reverse the order dismissing the appeal. To do so would not unfairly prejudice anyone. The same cannot be said for the court's order affirming the dismissal of the plaintiffs' appeal.

Rule 9 (c) (2) of the Massachusetts Rules of Appellate Procedure provides: "Notwithstanding any other obligation which these rules may impose, each appellant in a civil case shall, within forty days after filing a notice of appeal, deliver to the clerk of the lower court either (i) a transcript of those portions of the transcript of the lower court proceedings which the appellant deems necessary for determination of the appeal, or (ii) a signed statement certifying that the appellant has ordered such portions from the court reporter." The burden on an appellant within forty days to deliver a transcript or a signed statement that he has ordered a transcript from the court reporter, when the proceedings were recorded by a court reporter, is minimal. Counsel knows from the beginning the identity of the person from whom the transcript must be ordered. Counsel needs only to file a notice of appeal, decide what portion or portions of the transcript are needed, order the designated portions from the known court reporter, and certify that he or she has done so.

The court says that rule 9 (c) (2) also requires an appellant in a case in which the proceedings were electronically recorded, within forty days after the notice of appeal is filed, to deliver to the clerk either a transcript or a signed statement certifying that the tapes were being transcribed. *Ante* at 109-110. I do not agree that rule 9 (c) (2) applies to electronically recorded proceedings. Rule 9 (c) (2) is silent concerning an appellant's duty to file anything in connection with a case in which the proceedings were recorded electronically.

In 1974, when the rules of appellate procedure went into effect, there was no rule dealing with electronically recorded proceedings. In 1983, when the rules were amended by adding rule 8 (b) (3) to deal with electronically recorded proceedings, no corresponding rules or amendments to rules 9 or 10 were adopted. Perhaps the court should formally adopt a rule for electronically recorded proceedings to be included in the rules of appellate procedure paralleling rule 9 (c) (2), and perhaps it should not. In any event, it has not done so. In this connection, it is noteworthy that rule 8 (b) (3) (ii),

which was applicable in this case, requires an appellant to order from the clerk a cassette copy of the electronic recording at the same time he files a notice of appeal. The rule states in relevant part that "[t]he clerk shall promptly provide the cassette," and that, "[w]ithin fifteen days of receipt of the cassette from the clerk, appellant shall file in court and serve on each appellee a document which includes [among other information] the name, address, and telephone number of the individual or firm selected to prepare the transcript, provided that the appellant and each appellee have agreed to this choice and the appellant so states. If the appellant and appellees have not so agreed, said document shall also specifically notify the clerk to select the transcriber. . . . If the appellant has not designated the entire cassette [for transcription], then after twenty days have expired from the service upon the appellee of appellant's designation of transcript, the appellant shall promptly send or deliver to the transcriber the cassette provided by the clerk and a written order which states those parts of the cassette designated by the parties for transcription. . . ."

In this case, according to the affidavit of Edward J. Gierej, the truth of which the court accepted, Gierej, "criminal clerk" of the Orleans District Court, received the relevant cassette from Judge Zoll's office during the week of September 17, 1990, and he immediately notified appellants' counsel of its availability. Assuming that to be the case, slightly more than twenty-one days elapsed between the filing of the notice of appeal and counsel's receipt of notice that the cassette was available. Under rule 8 (b) (3) (ii), counsel then had fifteen days to designate the parts of the cassette he intended to have transcribed, and twenty more days to send the cassette to the selected transcriber with an order for transcription. Thus, even if the judge fairly accepted the clerk's affidavit and rejected the contradictory one filed by appellants' counsel, a proposition with which I disagree and discuss below, counsel was allowed by rule 8 (b) (3) (ii) a minimum of fifty-six days to order transcription of the cassette. Surely, in light of that timetable, rule 9 (c) (2) should not be read as

requiring appellants' counsel to have certified to the District Court within forty days after filing the notice of appeal that he had ordered a transcription of the cassette or, as the court would have it, that "the tapes were being transcribed."[1]

In my opinion, rule 9 (c) (2) is not applicable to this case, and therefore the judge erred in concluding that the plaintiffs failed to comply with that rule. For that reason alone, the dismissal of the appeal should be reversed. However, that is not the only reason that the dismissal should not stand. Under Mass. R. A. P. 10 (c), as amended, 378 Mass. 937 (1979), dismissal of an appeal for failure to comply with rule 9 (c) (2) is permissible "only upon a finding of inexcusable neglect." The judge, for two reasons, it seems to me, exceeded the proper limits of his discretion in finding inexcusable neglect in this case. First, even if rule 9 (c) (2) should be construed as applying to electronically recorded proceedings, as the court holds, surely it is "excusable" for a litigant or counsel to have construed rule 9 (c) (2) otherwise in view of its express language and the provisions of rule 8 (b) (3) (ii). Secondly, as I discuss below, the judge's ultimate finding of inexcusable neglect appears to have been based on a subsidiary finding that the clerk's affidavit, and not appellants' counsel's, spoke the truth about whether the clerk had notified counsel's office by telephone that the cassette was availa-

[1] I am fully aware that, in *Hawkins* v. *Hawkins*, 397 Mass. 401, 406 (1986), a case in which the proceedings were recorded electronically, the court said without explanation, in an opinion that I joined, that "[t]he rules further required the plaintiff to deliver either a transcript or a signed statement certifying that the tapes were being transcribed, to the clerk or register's office, by September 15, forty days after her appeal was filed. Rule 9 (c) (2)." On further reflection, and instructed by the present case, I am now of the opinion, which I have expressed in the text, that rule 9 (c) (2) does not explicitly or implicitly refer to appeals in which the proceedings have been recorded electronically.

Certainly, it cannot be true that rule 9 (c) (2) requires, with respect to electronically recorded proceedings, that within forty days after the notice of appeal is filed, the appellant file the transcript or a statement certifying that "the tapes were being transcribed." Even in a proceeding recorded by a court reporter, the appellant need only file a transcript or a statement certifying that the appellant has *ordered a transcript* from the court reporter.

ble. That finding should not have been made without the benefit of an evidentiary hearing.

The judge's memorandum of decision and order states: "This matter came on to be heard upon the defendant Margaret McCowen-Hanelt's motion to dismiss plaintiff's appeal, for the failure of the plaintiffs to comply with the provisions of Mass. R. A. P. 9 (c)(2); was argued by counsel and upon consideration thereof and a review of the pertinent affidavits and memoranda, this court finds that said failure by the appellants was inexcusable neglect. The appellants filed their notice of appeal on August 27, [1990,] together with a cassette copy request form. The cassette was received by the Orleans Division on September 17, 1990 which then notified counsel of the availability of the cassette. Thereafter by letter dated October 23, 1990, the Clerk-Magistrate received a request for the cassette, together with payment for it. See Mass. R. A. P. 8 (b)(3)(ii) and R. A. P. 9 (c)(2). It is therefore *Ordered* that appellee's motion to dismiss appeal be and is hereby *Allowed*." Although the judge's reasoning is not entirely clear, it appears that the judge concluded that the appellants' failure to file a transcript or a statement certifying that "the tapes were being transcribed" (or at least transcription had been ordered) within forty days after August 27 was due to counsel's disregard of the clerk's notice that the cassette was available. The judge's reasoning appears to be that, if the appellants, in response to that oral notice, had promptly requested and paid for the cassette, they could have made the necessary arrangements for transcription of the cassette, as required by rule 8 (b) (3) (ii), within the forty-day requirement of rule 9 (c) (2). Counsel's failure to proceed promptly in response to the telephone notice, according to the judge's apparent reasoning, was inexcusable, and therefore the nonconformity with rule 9 (c) (2) was inexcusable as well.

The defendant's motion to dismiss the appeal, filed on October 22, 1990, was accompanied by the affidavit of Peter S. Farber, counsel for the defendant. Mr. Farber stated under oath that he had spoken with Edward Gierej at the clerk's

office at the Orleans District Court and that Gierej had told him that he, Gierej, "had reached the office of appellant's counsel by telephone on September 17, 1990 and left the message that the cassette was ready to be picked up upon the payment of a . . . fee." On October 24, the appellants filed an opposition to the motion to dismiss their appeal, together with an affidavit of their counsel, Ansel B. Chaplin. In his affidavit, Mr. Chaplin stated, "I have been awaiting notice from the Clerk of Courts that the cassette tape of that portion of the transcript [the portion previously designated] is available. It was my understanding that a cassette would be sent to me along with a bill for its cost. . . . Up to this date I have not received the cassette tape with the bill or any notice from the Clerk that the cassette tape was completed and available. . . . The first notice I received pertaining to these cassette tapes was in the Affidavit of appellees' counsel, reflecting a purported telephone call and message to my office on September 17, 1990 from a Mr. Gierej of the Clerk's office. I received no telephone call nor any such telephone message either on or about that date or at any other time. When I am not available, an entry is made in a telephone log book if someone calls and is unable to reach me. A review of our telephone log book reflects no such call from a Mr. Gierej nor from anyone with that approximate name. . . . I have this date contacted the Clerk's Office and have taken the steps necessary to obtain the cassette tape promptly. Upon its receipt I will file the required Statement within 15 days as required by Rule 8 (b)(3)(ii) and arrange for prompt transcription thereof." Edward J. Gierej, by an affidavit dated October 25, 1990, stated that he was the criminal clerk of the Orleans District Court and that, "[o]n September 17, 1990 Judge Zoll's office mailed to me the cassette ordered by plaintiffs' attorney. I received the cassette during the week of September 17th and telephoned the office of plaintiffs' attorney immediately upon my receipt of the cassette, which is my usual and customary practice. I spoke to woman at the attorney's office and left the message that the cassette was ready to be picked up or mailed. I also told the woman what

the charge for the cassette was. . . . I did not thereafter make any reminder calls, and it is not my practice to do so. It is not uncommon for cassettes to sit in my file cabinet for months, even sometimes years. I do not feel it is my responsibility to make follow-up calls."

Despite the conflicting assertions in those affidavits, and without conducting an evidentiary hearing, the judge concluded that notice had been given as was claimed by Gierej and denied by Mr. Chaplin.[2] This court now concludes that "[t]he judge did not abuse his discretion by relying on the affidavits. The plaintiffs requested an evidentiary hearing only after the judge granted the motion to dismiss, so that issue is not properly raised." *Ante* at 111. I disagree. Elementary fairness required that, if the viability of the appeal was to depend on the resolution of that question of fact, the resolution should be made only after both sides had full opportunity to present witnesses and cross-examine opposing witnesses. Appellants' counsel had reason to expect nothing less. The court cites no case that suggests that, in the circumstances present here, the appellants waived their right to an evidentiary hearing.

In my opinion, the appellants did not violate Mass. R. A. P. 9 (c) (2) and, in addition, the judge was not warranted in finding inexcusable neglect. I would reinstate the appeal.

[2]In connection with a motion for reconsideration filed on November 14, 1990, the appellants submitted further affidavits of four secretaries in counsel's Boston and Truro offices stating that neither office ever received telephone notice concerning the cassette's availability. The motion to reconsider was denied. The appellants' motion to depose New England Telephone Company, to verify whether the call had been made, was similarly denied.