*John E. Sutherland* for the respondent.


JOHN FARIA, petitioner. November 21, 2011. *Supreme Judicial Court*, Super-
intendence of inferior courts. *Practice, Civil*, Commitment of mentally ill
person.

John Faria appeals from a judgment of a single justice of this court denying
his petition under G. L. c. 211, § 3. We affirm.

In September, 2005, Faria, who has been civilly committed to Bridgewater
State Hospital (hospital) since 1986, filed a petition for discharge in the
Superior Court pursuant to G. L. c. 123, § 9 (*b*). The petition was eventually
dismissed on a motion by the hospital in February, 2010. Faria filed a notice
of appeal, in April, 2010, and a notice of assembly of the record issued in
September, 2010. Then, on November 9, 2010, the hospital filed a motion to
dismiss the appeal pursuant to Mass. R. A. P. 10 (c), as amended, 417 Mass.
1602 (1994). The motion was allowed on November 18. On December 7,
Faria filed a "motion for leave to file late appeal," which was denied.[1] Faria
then filed a G. L. c. 211, § 3, petition in the county court, which the single
justice denied without a hearing.

Relief under G. L. c. 211, § 3, is properly denied "where there are adequate
and effective routes . . . by which the petitioning party may seek relief."
*Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019 (1996). The petitioner
bears the burden to allege and demonstrate the absence or inadequacy of other
remedies. See, e.g., *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001). Faria
has not met this burden. He appears to be arguing that because his appeal
from the dismissal of his G. L. c. 123, § 9 (*b*), petition was dismissed, he had
no means, other than G. L. c. 211, § 3, by which to seek review of the dismissal
of the petition. That is incorrect. His remedy, once his appeal was dismissed
by the trial court, was to appeal from that ruling to the Appeals Court. See,

---

[1] The record before us does not include a copy of this motion. It is unclear from what
is before us whether Faria was seeking leave to appeal late from the dismissal of his
G. L. c. 123, § 9 (*b*), petition or to appeal from the dismissal of his appeal. See *Gorod*
v. *Tabachnick*, 428 Mass. 1001, 1002, cert. denied, 525 U.S. 1003 (1998) (holding that
petitioner under G. L. c. 211, § 3, has burden of creating a record that demonstrates
entitlement to relief).

e.g., *Russell* v. *McOwen-Hanelt*, 413 Mass. 106 (1992) (involving appeal from dismissal of appeal pursuant to rule 10 [c]); *Doten* v. *Doten*, 395 Mass. 135 (1985) (same). Extraordinary intervention by this court was not necessary. Furthermore, the issue of Faria's continuing commitment has been and will continue to be revisited annually pursuant to G. L. c. 123, § 16 (*c*). We also note that he has recently filed a new petition for discharge pursuant to § 9 (*b*), which is currently pending in the Superior Court. The propriety of his ongoing commitment can be adequately addressed in these proceedings.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John Faria*, pro se.