McCann, John S., J.
On June 4, 2012, defendant Joseph J. Cariglia, Trustee of the Park Grove Realty Trust, filed a proposed statement of the proceeding for the August 25, 2011 pre-trial conference pursuant to Mass.R.A.P. 8(c) for the purpose of completing a record on appeal. The August 25, 2011 pre-trial conference was not recorded by JAVS and no stenographer was present. Therefore, no transcript is available.
On June 12,2012, defendant and third-party plaintiff Atlantic Construction Services, Inc. filed an objection to the proposed statement of the proceeding, arguing that a statement of the proceedings is unnecessary because “(t]he docket for this case demonstrates conclusively the decision made by the Court to allow the Plaintiff to file a direct claim against Park Grove. The Proposed Statement of the Proceeding submitted by Park Grove does not add any evidence or proceeding that is not otherwise available to the Appeals Court on review 'of the documents submitted by the Plaintiff and Park Grove and based upon the Court’s denial of the Motion to Strike.” On July 31, 2012, at a hearing on this matter, Counsel for the plaintiff argued that this court does not have jurisdiction to approve the proposed statement of the proceeding because Joseph J. Cariglia’s proposed statement is untimely under Mass.R.A.P. 8(c).
Mass.R.A.P. 8(c) provides:
If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may, within thirty days after the notice of appeal is filed, file a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may file objections or proposed amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments thereto shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.
Joseph J. Cariglia, Trustee of the Park Grove Realty Trust filed an amended notice of appeal on March 14, 2012, but did not file his proposed statement of the proceeding until June 4, 2012, outside the thirty-day window specified in R.A.P. 8(c). Counsel for the plaintiff argued at the hearing that because the proposed statement was notified within thirty days, the approval of the statement is only proper by order of the Court of Appeals. The court disagrees with the plaintiffs contention that this court does not have jurisdiction to settle and approve a statement of the proceedings because of the delay. See Commonwealth v. Boyer, 400 Mass. 52, 53-54 (1987) (affirming trial judge’s adoption of Commonwealth’s statement of proceedings even though statement untimely). In Springfield YWCA v. Evers, 30 Mass.App.Ct. 921, 923 (1991), the court noted that “(t]he thirty-day period allowed by Mass.R.A.P. 8(c) for filing a statement of the evidence— measured from the date of filing the notice of appeal— does not have the effect of nullifying statements of the evidence filed after thirty days.” While the proposed statement was filed outside of thirty days of the notice of appeal, the plaintiffs proper recourse if she objected on timeliness grounds was to file a motion to dismiss the appeal under Mass.R.A.P. 10(c), for inexcusable neglect in assembling the record. See Mass.R.A.P. 10(c), 9(c): Springfield YWCA, 30 Mass.App.Ct. at 923.
Atlantic Construction Services, Inc. objected to the proposed statement because it believes the statement is unnecessary because all the information can be obtained by the appeals court without the assistance of the statement. Atlantic Construction Services, Inc., however, does not object to the content of the statement, just its necessity. The court will, therefore, approve the proposed statement subject to minor *228 judicial revisions, to the extent the narrative form may assist the Court of Appeals. See Commonwealth v. Boyer, 400 Mass. 52, 54 (1987) (noting “the final form of the statement is for the judge”). The statement of the proceeding below is consistent with the trial judge’s recollection of the proceeding for which no transcript is available. If this court is ultimately wrong in regard to its jurisdiction to settle and approve the untimely statement of the proceeding, and subsequently the Court of Appeals asks this court to provide a statement of the proceeding, its statement of the proceeding will remain the same as the statement below.
STATEMENT OF THE PROCEEDING
A final trial conference was conducted on August 25, 2011, Judge John S. McCann presiding, attended by counsel for all parties. At the conference, Plaintiffs counsel submitted to Park Grove’s counsel as well as counsel for the other defendants a document entitled “Plaintiffs Claim Against Third-Party Defendant Park Grove Realty Trust,” a direct claim. Park Grove Realty Trust had been brought into the case as a Third-Party Defendant. The Plaintiff Laposta was simply asserting a “direct claim,” converting the Third-Party Defendant to a direct claim. This pleading was unaccompanied by a motion for leave to amend the Complaint nor had it been theretofore served on the parties pursuant to Superior Court Rule 9A. Counsel for Park Grove Realty Trust orally objected to the presentment of this pleading based on untimeliness and prejudice as trial was scheduled to commence less than thirty days thereafter, and based on the Plaintiffs failure to have complied with the applicable time standards tracking order which required all amendments to pleadings to have been accomplished by July 9, 2009. Counsel for Park Grove also objected to the Plaintiffs submission of her “direct claim” on procedural grounds, i.e., failure to adhere to Rule 9A of the Superior Court Rules, as well as the Plaintiffs failure to have previously sought leave to proceed with a motion to amend. Counsel for the Plaintiff asserted that the Plaintiffs “direct claim” did not have to have been served in accordance with Rule 9A and that no motion to amend or leave of Court was necessary. The Court read the rule and agreed with counsel for the plaintiff. Judge McCann permitted the “direct claim” to be filed and stated that counsel for Park Grove could file a motion to strike the pleading on an emergency basis given the imminence of trial. The trial proceeded as a “direct claim” against Park Grove Realty Trust.
ORDER
For the foregoing reasons, it is hereby ORDERED that the above statement of the proceeding is approved and settled by the court and shall be included by the clerk of this court in the record on appeal.