NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-119

RMBS REO HOLDINGS, LLC

vs.

EMMANUEL O. ASIA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this post foreclosure summary process case, a Housing Court judge granted summary judgment for the plaintiff, RMBS REO Holdings, LLC (RMBS), in June of 2021.  Although the defendant Emmanuel Asia timely appealed from the judgment, on November 18, 2021, the judge dismissed Asia's appeal, for two reasons:  (1) failure to timely pay the use and occupancy payments that were ordered pending appeal, and (2) failure to timely prosecute the appeal.

Asia now appeals from both the original judgment and from the order dismissing his appeal.  Because we perceive no error in the judge's order dismissing the appeal, we affirm that order.

Background.  Asia received a home loan of $248,000 that he used to purchase a property in Worcester in 2005, and he granted a first mortgage in the same amount.  Asia defaulted on the mortgage around 2014, and in 2017, the then mortgagee initiated foreclosure proceedings.  The foreclosure took place in July 2017, and the then mortgagee took title to the property.  Asia was issued a notice to quit in January 2018.  Asia did not quit the premises.

RMBS initiated this summary process in July 2019, after obtaining title by foreclosure deed in March 2019.  The judge granted RMBS's summary judgment motion on June 8, 2021.  Asia timely appealed and sought a waiver of the appeal bond.  After the Housing Court judge's appeal bond order was appealed to a single justice of this court, on remand, the Housing Court judge ordered (July 23 order):  (1) that the appeal bond was waived, but (2) that:

> "Defendant must pay use and occupancy charges directly to the Plaintiff as follows:  **$1,500.00 within 5 days of receipt of [the single justice]'s order dated 07/23/2021 and the next payment of $1,500.00 is due on August 15, 2021 and on the fifteenth of every month thereafter during the pendency of the defendant's appeal and his continued possession of the property.**"

Although the defendant made some use and occupancy payments, he did not pay use and occupancy in accordance with the July 23 order, and was persistently behind on his payments, including when he came before the court for a hearing on

2

November 18, 2021.  The defendant also failed to comply with rules 8 (b) and 9 (d) of the Massachusetts Rules of Appellate Procedure, as appearing in 481 Mass. 1611 and 1615 (2019) -- that is, he failed to properly order the transcripts of relevant hearings or to certify that no such transcripts were required, and he failed to notify opposing counsel of his intentions with respect to ordering transcripts.  As a result, although the defendant had filed a notice of appeal in June 2021, as of November of 2021 he had not taken the prescribed actions to move the appeal forward and to ensure that the record was assembled.

The plaintiff moved to dismiss the appeal in late October, stating as grounds both the defendant's failure to make timely use and occupancy payments and the failure to advance the appeal.  The judge held a hearing on November 18, 2021.  At the hearing, the defendant conceded that he was behind on use and occupancy payments, noting that he instead had been paying his children's college tuition.  The defendant claimed that he had requested hearing transcripts, but there was no record that he had done so[1] and, in any event, the defendant had not complied with rule 8 or 9 by notifying the court and the plaintiff/appellee of his intentions.  Notably, the defendant

---

[1] The judge noted that someone had handwritten the word "transcripts," together with various dates, on the defendant's notice of appeal, but that such an action was not sufficient to comply with the rules.

took no steps to comply with the rules after receiving RMBS's motion to dismiss the appeal. The judge entered an order dismissing the appeal that same day.

Discussion. If an appellant fails to pay use and occupancy as ordered by the court, or if he fails to comply with rules 8 and 9 of the Rules of Appellate Procedure by, for example, failing to order the necessary transcripts, the trial court may dismiss the appeal. See 21st Mtge. Corp. v. DeMustchine, 100 Mass. App. Ct. 792, 795, 801 (2022) (affirming dismissal of appeal where defendant failed to make ordered use and occupancy payments); Mass. R. A. P. 10 (c), as appearing in 481 Mass. 1618 (2019) (appeal may dismissed if appellant fails to comply with rule 9 [d], and cannot show excusable neglect); Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 255 (2014), quoting Vyskocil v. Vyskocil, 376 Mass. 137, 140 (1978) ("The case law has long spoken of a delay in ordering a transcript as a serious misstep, not a relatively innocuous one, the appropriate remedy or penalty for which is presumptively dismissal of the appeal" [quotations omitted]).[2]

---

[2] The relevant portion of rule 8 (b) states that an appellant

"shall order a transcript [or transmission and transcription of the audio recording, if electronically recorded,] of [proceedings relevant to the appeal] within 14 days of filing the notice of appeal . . ., unless the appellant certifies to the clerk (i) that no lower court

4

Here, the judge found that the defendant had failed in both the above ways. As to use and occupancy, the defendant made the first ordered payment, but then failed to make timely payments for the next four months. When the motion to dismiss was filed in October, the defendant was two months behind.[3]

Furthermore, the judge determined that the defendant had failed to comply with appellate rules 8 and 9. The defendant did not order transcripts of relevant hearings, nor had he properly filed a copy of any transcript orders with the clerk and served opposing counsel. The defendant took no steps to

proceedings are relevant to the appeal or (ii) that the transcript is on file with the court. . . . The appellant shall at the same time file a copy of the transcript orders or certifications with the clerk and serve a copy on all other parties."

Mass. R. A. P. 8 (b) (1) (A). The relevant portion of rule 9 (d) states that

"each appellant in a civil case shall, within 14 days after filing a notice of appeal, deliver to the clerk of the lower court either (A) a transcript or those portions of the transcript of the lower court proceedings which the appellant deems necessary for determination of the appeal, (B) a signed statement certifying that the appellant has ordered such portions, or (C) a signed statement certifying that the appellant has not ordered and does not intend to order the transcript or any portion thereof."

Mass. R. A. P. 9 (d) (2).

[3] To the extent the defendant argues that the judge erred by failing to wait for his use and occupancy to be paid under G. L. c. 261, §§ 27A to 27G, such payments are not appropriate under the statute. Frechette v. D'Andrea, 494 Mass. 167, 169 (2024).

5

cure his failures prior to the November 18 hearing on the motion to dismiss.  The result of these failures was that the appeal had not progressed at all for five months, leaving the defendant in possession of premises owned by the plaintiff.

We accordingly discern no abuse of discretion in the order dismissing the appeal.  See Russell v. McOwen-Hanelt, 413 Mass. 106, 109 (1992), quoting McCarthy v. O'Connor, 398 Mass. 193, 196 (1986) ("The test to determine whether the judge was warranted in dismissing the plaintiff's appeal is whether he abused his discretion").  An abuse of discretion requires "a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  The judge's decision here does not fall outside that range.  Although we recognize that the defendant was not represented by counsel on the appeal, pro se litigants are held to the same standard as all litigants in following the rules of procedure.  Commonwealth v. Walters, 472 Mass. 680, 705 (2015).  Here the defendant/appellant did not comply with the judge's order or with the rules, and the result was that his appeal did not

progress -- to the defendant's evident benefit, as he remained in the property he had been ordered to vacate.

Order dismissing appeal
  affirmed.

By the Court (Sacks,
  Englander & Grant, JJ.[4]),

*Paul Little*

Clerk

Entered:  October 31, 2024.

---

[4] The panelists are listed in order of seniority.