NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1025

TOWN OF WESTWOOD

vs.

WILLIAM T. BRODERICK.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, William T. Broderick, challenges an order entered by a judge of the Housing Court dismissing his appeal from an earlier order allowing the issuance of a new execution of possession in favor of the plaintiff, the town of Westwood (town), and denying Broderick's motion to correct the record. As we discuss in more detail below, it is undisputed that Broderick failed to timely docket his appeal pursuant to Mass. R. A. P. 10, as appearing in 481 Mass. 1618 (2019).  Broderick claims, however, that his neglect in this regard was excusable due to a serious medical condition for which he was hospitalized

_____

[1] Individually and as beneficiary of the Buckmaster Cove Nominee Realty Trust.

for four months.  The judge was not persuaded and found instead that Broderick's neglect was inexcusable and, as noted, dismissed his appeal.[2]  We have conducted a careful review of the record and conclude that the judge did not abuse his discretion in finding that Broderick failed to demonstrate that his neglect was excusable and, therefore, we affirm.

Background.[3]  The town acquired ownership of a property located in Westwood by virtue of a final judgment entered in the Land Court for unpaid real estate taxes.  The town served a notice to quit on Broderick and when he did not vacate the premises within thirty days, the town commenced a summary process eviction action in the Housing Court.  The town then filed a motion for summary judgment.  Broderick, who is an attorney, represented himself at the hearing on the town's motion and was granted additional time to file an affidavit in opposition.  Broderick filed an affidavit but apparently did so under the wrong docket number.  Ultimately, the town's motion

_____

[2] Rule 10 (a) (1) of the Massachusetts Rules of Appellate Procedure requires the appellant to docket the appeal within fourteen days "after receiving from the clerk of the lower court the notice of assembly of the record."  Section (c) provides authority to dismiss an appeal for failure to comply with subsection 10 (a) "upon a finding of inexcusable neglect."

[3] We recite the facts as set forth by the judge in his order on the town's motion to reissue execution and Broderick's motion to correct the record dated September 16, 2024, and his order dismissing Broderick's appeal dated May 7, 2025.

2

for summary judgment was allowed, and judgment and execution of possession entered in favor of the town in March and April 2024, respectively.

As it turned out, the execution was not levied, and when it expired in July 2024, the town filed a motion for a new execution.  At the same time, Broderick filed a motion to correct the record to reflect that his affidavit in opposition to the motion for summary judgment had been filed under the wrong docket number.  Following a hearing, the town's motion was allowed, and Broderick's motion was denied.

Thereafter, on September 25, 2024, Broderick filed a notice of appeal from the order described above.  A notice of assembly of record on appeal was sent to both parties on September 27, 2024.  Consequently, Broderick was required to docket the appeal within fourteen days of September 27, but he did not do so. Approximately four months later, on January 17, 2025, the town filed a motion to dismiss the appeal.  A hearing on the town's motion to dismiss was held on May 5, 2025.  At the hearing, Broderick acknowledged that he had not docketed the appeal but explained that his poor health, including a four-month stay in the hospital, prevented him from doing so and he requested additional time to retain counsel.  In a detailed order issued

3

two days later, the judge allowed the town's motion and dismissed Broderick's appeal.

Discussion.  The question before us is whether the dismissal of Broderick's appeal was proper.  "The test to determine whether the judge was warranted in dismissing [the defendant's] appeal is whether he abused his discretion." Russell v. McOwen-Hanelt, 413 Mass. 106, 109 (1992), cert. denied, 506 U.S. 1051 (1993).  Although it also appears undisputed that Broderick was hospitalized for a serious cardiac issue from December 16, 2024, through April 19, 2025, he provided no reasonable excuse for not docketing the appeal before or after he was in the hospital.  The judge noted that being hospitalized is "an extraordinary circumstance," but concluded Broderick "offer[ed] no compelling reason why he did not docket his appeal" either in the months before or weeks after he was hospitalized.  In addition, the judge was not persuaded that Broderick needed to retain appellate counsel to assist him as he had demonstrated the ability to ably represent himself throughout the proceedings.[4]  While we are sympathetic to

_____

[4] The town claims that at the hearing Broderick attempted to excuse his neglect on the additional ground that he was not familiar with the appellate process.  Broderick disagrees and asserts that he was only asking for time to hire an appellate attorney.  Given our conclusion, we need not resolve this dispute.

4

Broderick's circumstances, we discern no basis for concluding that the judge abused his discretion.

Order dismissing appeal
  affirmed.

By the Court (Vuono, Henry & Singh, JJ.[5]),

Clerk

Entered:  May 13, 2026.

---

[5] The panelists are listed in order of seniority.