NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1176

CHRISTOPHER KANAGA & another[1]

vs.

SHELDON MANUEL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After judgment was entered against her in the Superior Court, the defendant, Sheldon Manuel, filed a notice of appeal on May 8, 2019 (merits appeal). On April 14, 2021, a judge granted the plaintiffs' motion to dismiss the merits appeal for failure to prosecute and for failure to comply with Mass. R. A. P. 8, as appearing in 481 Mass. 1611 (2019), and Mass. R. A. P. 9 (d), as appearing in 481 Mass. 1615 (2019). On May 13, 2021, Manuel filed a second notice of appeal (second appeal), this time from the order dismissing her merits appeal. Subsequently, the plaintiffs moved to dismiss the second appeal, again for failure to prosecute and comply with appellate rules 8 and 9, and on October 18, 2021, an order was entered dismissing the

_____

[1] Laraja and Kanaga, P.C.

second appeal.  Manuel then filed a third notice of appeal (third appeal), this time from the order dismissing the second appeal.  That third appeal was docketed and, as a single justice of this court stated in her order of March 7, 2022, is the only matter now before us.  We affirm the order dismissing the second appeal.

Discussion.  Pursuant to Mass. R. A. P. 8 (b) (1) (A), any relevant transcripts must be ordered within fourteen days of the filing of the notice of appeal.  Pursuant to Mass. R. A. P. 9 (d) (2), within the same time period, the appellant must deliver to the trial court either (A) the transcript or portions of the transcript necessary for determination of the appellate issues, or (B) a signed statement certifying that the appellant has ordered the necessary portion of the transcript, or "(C) a signed statement certifying that the appellant has not ordered and does not intend to order the transcript or any portion thereof."  If the appellant fails to comply with rule 9 (d), "the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect."  Mass. R. A. P. 10 (c), as appearing in 481 Mass. 1618 (2019).  We review an order dismissing an appeal under rule 10 for abuse of discretion.  See Scheuer v. Mahoney, 80 Mass. App. Ct. 704, 708 (2011).

The requirements of appellate rules 8 and 9 are not mere technicalities. "Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings. When an appellant files a notice of appeal [s]he must treat that step as something more than taking out an option to appeal." Points E., Inc. v. City Council of Gloucester, 15 Mass. App. Ct. 722, 726 (1983).

Here, notwithstanding that some months earlier, her merits appeal had been dismissed for failure to comply with rule 9 (d), Manuel once again failed to comply with rule 9 (d) in prosecuting her second appeal. Moreover, when the plaintiffs, on June 2, 2021, served their motion to dismiss the second appeal, Manuel did not respond by complying with the rule. Had she done so at any time in the next four months, before October of 2021, simply by filing a rule 9 (d) statement, her appeal would have been reinstated. See Mass. R. A. P. 10 (c) ("If, prior to the lower court's hearing such motion for noncompliance with Rule 9 [d], the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely").

In her trial court opposition to the motion to dismiss the second appeal, Manuel claimed that her bankruptcy status and the court's failure to act on an indigency application she had filed

3

prevented her from obtaining the transcripts related to the merits appeal. She did not, however, address the matter at hand: whether her failure to comply with rule 9 (d) in the second appeal was due to any excusable neglect. Thus, in granting the motion to dismiss the second appeal, the judge noted that "the opposition does not establish unique or extraordinary circumstances to support a finding of excusable neglect."

Nevertheless, in this third appeal, Manuel again focuses on similar arguments. She asserts that the judge should have denied the second motion to dismiss because, before she filed the suggestion of bankruptcy leading to a stay, she (1) had ordered transcripts for the merits appeal (but could not pay for them) and (2) had filed an affidavit of indigency (which could not be acted on because of the stay). She also argues that she had a "good chance of success" on her merits appeal. Nowhere does she argue the only relevant issue: whether her failure to comply with rule 9 (d) in the second appeal was the result of any excusable neglect, or, more accurately, whether the judge abused his discretion in finding no excusable neglect. We could resolve this appeal simply by ruling that she has waived any argument on that key issue. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1630 (2019) ("[t]he appellate court

4

need not pass upon questions or issues not argued in the brief").

We have nevertheless reviewed the record, and we see no good reason for Manuel's failure to comply with the appellate rules related to the transcripts pertinent to the order dismissing her second appeal.  The bankruptcy stay had been lifted well before she filed her second notice of appeal, and she had had ample time to further pursue relief due to her indigency status.  She inexplicably did not comply with rule 9 after filing her second notice of appeal on May 13, 2021.  "[I]t would have been a simple matter for the appellant[] to have cured [her] noncompliance by ordering a transcript, or, if [she] intended to raise no issues requiring a transcript . . ., to say so."  Points E., Inc., 15 Mass. App. Ct. at 724.  This is particularly true here, where Manuel's merits appeal had just recently been dismissed for failing to satisfy rule 9 (d) with regard to the transcripts relevant to that appeal.

Finally, Manuel's likelihood of success on the underlying merits would be relevant, if at all, only if her neglect were excusable.  See Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 123 (2019) (appellant seeking to vacate dismissal of civil appeal must ordinarily show [1] delay due to excusable neglect and [2] meritorious case on appeal).  Here, the judge found that Manuel's neglect was not excusable, and we see no

5

abuse of discretion in that determination.  The second appeal was therefore properly dismissed.[2]

Order dated October 18, 2021,
  dismissing appeal,
affirmed.

By the Court (Neyman, Sacks &
  Hodgens, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  May 4, 2023.

---

[2] We deny the plaintiffs' request for appellate attorney's fees and double costs.

[3] The panelists are listed in order of seniority.